## Ex parte HARKINS.

1. A commission cannot issue, according to the common law, to take the deposition of a non-resident witness, at the instance of the defendant in a criminal case; and there is no statute in this State authorizing such a procedure.

THE petitioner was indicted in the Circuit Court of Shelby for an assault and battery upon Westley Gragg, with the intent to murder him. Thereupon, he moved the court for a commission to take, by deposition, the testimony of a witness resident in the State of Mississippi—first showing by a letter from the witness, and his own affidavit, that the evidence would be material and important for his defence. The motion was overruled; and the petitioner now moves this court for a *mandamus* to the circuit court, commanding it to issue a commission pursuant to his motion.

PECK, for the petitioner, insisted, that, although the statute did not authorize a deposition to be taken in such case. yet it was entirely competent for the circuit court, in virtue of its inherent powers to award a commission to take the testimony of a witness resident without the State. He cited Greenleaf's Ev. 367; 1 Wash. C. C. Rep. 236, note. The case of The People v. Restill, [3 Hill's Rep. 295-6,] determines, that, although testimony, *de bene esse*, cannot be taken by the prosecutor against the defendant's consent, yet the same rule does not hold where the defendant himself proposes to take a deposition.

S. F. Rice, for the State, contended, that it was not allowable to read depositions in a criminal case, according to the rules of the common law.    This was clearly shown by the case of The People v. Restill, [3 Hill's Rep. 289.]    In England, and in New York, there has been some legislation on the subject; but in this State, we have no statute which introduces any modification of the law.

COLLIER, C. J.—Mr. Greenleaf, in his admirable treatise on Evidence, [p. 367–8,] says, that the method of obtaining the testimony of witnesses resident abroad, has always been familiar in the courts of admiralty; and he supposes it to be within the inherent powers of all courts.    The law of nations, [says he,] requires the courts of justice of different countries to assist each other for the furtherance of justice; and, hence, when the testimony of a foreign witness is necessary, the court, before which the action is pending, may send to a court, within whose jurisdiction the witness resides, a writ, called a letter rogatory, requesting the court abroad to cause the deposition of the foreign witness to be taken in due course of law.    The court of chancery has always freely exercised this power; but the learned author says, the courts of common law seem not to have asserted it in a direct manner and of their own authority.    They have, however, used means to coerce the adverse party to consent to the examination of witnesses who were absent from the State.    These coercive means were such as putting off the trial, or refusing to en ter judgment, as in case of non-suit, if the defendant was perverse; or by a stay of proceedings, till the party, applying for the commission, could have recourse to a court of equity, by instituting a new suit there, auxiliary to the action at law.    Subsesequently, however, the courts refused to do that by indirection which they could not do directly, and by legislative enactment; but in Great Britain, and the most of the States of the Union, the inconvenience has been remedied.    [Greenl. Ev. 369—370–1–2 –3–4.

Mr. Blackstone, [3 Com. 383,] in treating of the trial by jury, and its defects, in connection with the limited powers of courts of law, says that these courts have not the power to examine witnesses abroad, or such as may be going abroad, and receive their depositions in writing, *de bene esse*.    This, says he, may be done

at any time through the channel of a court of equity. Such was the law in respect to depositions taken in civil cases pending in common law courts, independently of statutory regulations.

In The People v. Restill, [3 Hill's Rep. 289, N Y.,] the question was most elaborately and learnedly considered, whether, according to the principles of the common law, a deposition could be taken and read as evidence in a criminal case, without reference to the consent of parties. The conclusion was, that the common law did not authorize evidence to be thus taken in such a case. The court say, that the authority for using depositions as evidence in Crown causes, is the statute of 1 & 2 Phil. and Mary, ch. 13, which requires the magistrates, before whom a prisoner is brought, to take his examination, and the information of them that bring him, put the same in writing, and certify it to the next gaol delivery within his commission. This statute applies only to felonies; and it is settled, that depositions taken in the manner it prescribes, are not admissible in cases of misdemeanor. [Rex v. Paine, 1 Salk. Rep. 281; 1 Ld. Raym. Rep. 729; 5 Mod. Rep. 163; Comb. Rep. 358; Carth. Rep. 405.]

The learned counsel, who moved for a *mandamus*, has cited The People v. Restill to show, that, although witnesses cannot be examined *de bene esse*, at the instance of the State, yet they may be, after indictment found, at the instance of the defendant. It is certainly stated in the opinion of the court, that such is the law in New York; but the court cite several legislative provisions of that State to which the common law is indebted for a modification in this respect. In that case, [Matthews v. Port, Comb. Rep. 63, and Vin. Ab. Evidence, [A. b. 32, pl. 7,] are commented on, and the conclusion attained, that the case in Comberbach, which is noticed by Mr. Viner, is an incorrect report of what was, at most, a mere *dictum;* and does not lay down the law with accuracy. [See also 3 Dane's Ab. ch. 87, art. 2 & 3; 2 Starkie's Ev. 485.]

No statute has been enacted in this State, which authorizes a deposition to be taken in a criminal case; and the fact that the attention of the Legislature must have been called to the subject, when it provided this method of taking testimony in a civil suit, should disincline us to grant the motion, even if we thought the matter was within our discretion. Without attempting to controvert what Mr. Greenleaf says about the inherent powers of

9

courts, as founded upon the law of nations, it is quite enough to say, that neither the courts of England or the United States, which proceed according to the course of the common law, have at any time, in virtue of such power, claimed the right to cause testimony to be taken by deposition. And we are unwilling to be the first to make a precedent. If the greater inconvenience or injustice is likely to result from the law as it now stands, which we very much question, the Legislature can provide the appropriate remedy.

The view taken has led us to the conclusion, that the circuit court had not the authority to make the order which the defendant sought; and this court cannot, consequently, award the *mandamus*, but must deny the motion for that purpose.