No. 8238.

THE STATE OF LOUISIANA VS. WILLIAM M. FULFORD.

Copy of indictment and list of jurors have to be served on the accused two days before trial but not before arraignment. Previous Decisions affirmed.

The granting of a continuance is within the legal discretion of the Court *a qua*, with which this Court will not interfere without manifest cause.

So of the refusing of a new trial to the accused.

Arson at Common law and in this State.

It is excluded from the prescription of one year.

Accused is, under no law, entitled to a Commission to take the testimony of witnesses residing in another State.

A PPEAL from the Fourth Judicial District Court, parish of Jackson, *Bridger*, J.

---

J. C. *Egan*, Attorney General, for the State, Appellee:

First—An error in the minutes of the court cannot serve to contradict the indictment on which the accused was tried.

Second—The objection to the formation of the jury must be made on the first day of the term of court. 8 R. 514; Sec. 5, Act No. 32 of 1840, p. 28.

Third—The court will presume that the grand jury were sworn according to law, even if the record does not show the fact. Minors Rep. 62 and 138.

Fourth—All motions and dilatory tactics resorted to by the accused are properly overruled when, in the discretion of the court, they are only urged for the purpose of delay.

Fifth—No statute of this State authorizes the taking of testimony by commission in criminal cases; such practice is unknown to the common law.

Sixth—A motion for continuance on account of absent witnesses is properly overruled when the accused does not show proper diligence in securing their attendance.

Seventh—The crime of arson is imprescriptible. The burning of all houses and buildings are arsons. Secs. 841, 842 and 843 R. S.; 12 An. 382.

Eighth—In reference to prescriptible crimes, prescription does not begin to run until a public officer having power to direct investigation or prosecution has knowledge of who the perpetrator of the crime is.

Ninth—Where the judge omits something which he should have charged, and the accused has not been injured thereby, he, the accused, cannot complain.

Tenth—The confession by accused is admissible in evidence although he may have been intoxicated whilst making it. 25 Ala. 50.

Eleventh—The jury is the sole judge of the evidence adduced on the trial of the case.

### *G. L. Gaskins* and *J. B. Holstead* for Defendant and Appellant:

The accused in a criminal case has a right to take the testimony of witnesses residing out of the State by commission, and the case should be continued to allow him to procure the evidence, when it appears that the testimony can be had within a reasonable time. Tr. p. 16 to 22, and Bill of Exception 22 and 23, and 28 to 31; State vs. Hornsby, 8 R. 562.

The District Attorney in a criminal case cannot say to his witnesses, "I can't ask leading questions, such as did she cry," &c., and then, when objection is made, withdraw the question and ask, "What did she do?" The answer was fully suggested to the witness, and it was error to permit the witness to answer. Tr. p. 75.

The defendant had a right to lead the witness for the State. This right was improperly denied by the Court. Tr. 81 to 83.

The court *a qua* improperly refused to permit the defendant to prove the contradictory statements of the witness Russell for the purpose of impeaching him after a sufficient basis had been laid. Tr. p. 84.

The court *a qua* improperly refused to charge the jury that if the proof of an *alibi* was sufficient to create a reasonable doubt as to the guilt of the accused he was entitled to the benefit of that doubt. Tr. 88.

The court improperly refused to charge the jury as to the extent to which the *corpus delicti* must be proven before a confession would sustain a conviction. Tr. p. 92.

The court improperly refused to charge the jury in regard to the weight to which an insincere confession is entitled under the law. Tr. p. 94.

The court improperly refused to charge the jury that proof of enmity of the witness for the State against the accused, and proof of pecuniary interest in the result of the trial was a legal means of impeaching a witness. Tr. 96.

The defendant was forced to a trial at the same term at which the bill was found, and without sufficient time to prepare his defense, and without being permitted to obtain what proof he could to support his innocence. The court *a qua* was requested to deliver a written charge two days before the argument of the case was closed, and then did not charge the jury until after two o'clock the day after the argument of the case was closed. At the same time he gave the jury to understand that the delay was caused by the accused. This delay and the comment of the court, in his charge, upon the argument of the counsel for the accused, and the manner in which, at the close of his charge, he cautioned the jury to guard the interest of society, and the fact that the points in the charge most favorable to the accused were given first, and the points against him last, all tended to prejudice the jury against the accused and to encourage a conviction. The whole record in this case shows that the accused did not have a fair, legal and impartial trial. The motion for a new trial ought to have been sustained. Tr. 50 to 58.

The motion in arrest of judgment was improperly overruled. The crime charged is clearly prescribed. Act 120 of 1855; Act 121 of 1855; Acts 1858, p. 212; R. S. 986, 841, 842, 843; Bishop's Crim. Law, 6th ed. vol. 3, secs. 9 and 11; 3d Greenleaf, 13th ed. sec. 52; Russell on Crimes, p. 551 (old 552).

The opinion of the Court was delivered by

LEVY, J. The accused, William M. Fulford, was indicted for the crime of arson, tried, convicted and sentenced to imprisonment at hard labor in the State penitentiary for the period of ten years. From this sentence and judgment he has appealed. The record presents an array of multitudinous objections and bills of exception, all of which are elaborately, ably and ingeniously argued by counsel of accused, in their brief, which while commanding admiration for the zeal, ingenuity and ability displayed, fail to convince us that there is such error to the prejudice of their client as would justify us in setting aside the verdict and reversing the judgment appealed from.

We shall pass upon the bills of exception in the order in which they were taken.

1st. As to failure to serve copy of indictment and list of jury two days before arraignment. The law does not require this service to be made two days before arraignment. It is required to be made two days before trial, and this appears from the record to have been done. State vs. Kane, 32 An. 999; 7 An. 567.

2d. As to fixing the case for trial before passing upon the application for change of venue. The reasons stated by the court show to our satisfaction that this action of the court did not operate to the injury of the accused, nor it being stated at the time that the fixing for trial was without prejudice to the rights of accused to file his application for change of venue or any other pleadings desired by him.

3d. As to overruling the motion for change of venue, and application for a commission to take the testimony of witnesses under commission, there was no evidence introduced by the defense on the motion for change of venue, there being thus a virtual abandonment, and the want of diligence and manifest intention to delay the trial, which are given as his reasons for refusal by the judge *a quo*, justified that refusal.

4th. As to the denial of the continuance. The court *a qua* in the exercise of sound discretion refused the continuance. We will not interfere with this ruling, made in virtue of the discretion with which the court was vested, and the reasons for the ruling fully justify the action taken.

5th, 6th, 7th. The question propounded by the District Attorney, relative to the arrest of the witness Russell, was proper as being in rebuttal of the attempt on the part of the defense to show that said witness was actuated by malice in making the affidavit against accused.

8th. There was not sufficient reason to sustain the objection to the question of the District Attorney to the witness Sherrard. The preface to the question did not cause the question itself to assume the character of an objectionable or leading one.

9th. This exception has no merit. It was relevant to the offense charged, and notwithstanding the lapse of time between the conversation of witness and accused, and the burning, was competent to show a pre-existing intent and malicious design in connection with the offense with which accused is charged.

10th. This exception is also without merit. It was competent for the State to ask the witness Russell why he made the affidavit for the arrest of the prisoner, in rebuttal of the attempt of the defense to show that witness was actuated by malice therein.          •

11th. The question propounded to the witness Jones in regard to conversations and remarks made by one Murphy was properly overruled, as tending to introduce *hearsay* and eliciting the mere opinion of witness as to the motives of another person.

12th. The reasons given by the District Judge for sustaining the objection of the District Attorney to the question propounded to the witness Russell, viz: that a sufficient basis had not been laid for the impeachment of the testimony of said witness, who had stated he could not give the substance of his conversation with one Burroughs, justified the judge in his ruling.

13th. The special charge asked for by prisoner's counsel has been substantially given by the judge in his written charge of the jury to the effect that where the defense seeks to prove an alibi, the rule in regard to a reasonable doubt in regard thereto is applicable alike to such proof as to that introduced by the State.

14th. The reasons of the judge, as given in this bill, for his ruling, are conclusive. In his written charge he had substantially charged, as desired in the request for the special charge.

15th. The court correctly charged in regard to weight or consideration to be given to the law of the case as charged by the judge, and the charge in that connection is fully sustained by the decision of the Supreme Court in the case of State vs. Johnston, 30 An. 904.

16th. The special charge asked for and referred to in this bill had been substantially given in the written charge.

17th. The same reasons apply to this as to the preceding bill (16th).

18th. So, also, as to this bill.

19th. The judge *a quo* in overruling the motion for a new trial exercised the discretionary power with which he is invested, and his reasons embodied in this bill, convince us that no grounds exist to justify us in setting aside his ruling on the motion.

The motion in arrest of judgment was urged on these grounds:

1st. That the offense charged is not arson, and therefore is prescribed by one year.

The crime of arson is not denounced by the statutes of this State,

*eo nomine.* The definition of this crime at common law is, " the wilful and malicious burning the house of another." Both in England and in this country by statutory enactments this offense has been enlarged and comprises several grades and descriptions, just as the offense of homicide contains distinctive grades. In this State, we consider, that, under the generic term of arson, are included the offenses prescribed in sections 841, 842 and 843, each of which is but one class of arson, and to which different measures of punishment are attached. The commission of any one of the distinctive offenses enumerated in these sections constitutes the crime of arson. Section 986 excludes, among other offenses, that of arson, from the proscription of one year, which is applicable to all others than those specially excepted in this section.

2d. That the bill of indictment is invalid because "it is not endorsed by the foreman of the grand jury in his official capacity, but is simply endorsed John W. Jones, foreman." This endorsement was suffic.ent. This question was decided in the case of State vs. Folke, 2 An. 744. See, also, 12 An. 382, 743.

3d. That the bill of indictment does not allege who was in possession of or had control of the building alleged to have been burned, and does not state was kind of an incorporation the parish of Jackson is, how or by whom it was represented or is now represented. The allegations in the bill as to the ownership of the property, its character and description are sufficient. The parish of Jackson is a political corporation created by the State, the existence and " kind " of which is defined by law and presumed to be fully known.

4th. That the bill does not show that the grand jury had been charged. We do not think that the omission in the bill itself of the statement that the grand jury had been sworn is fatal. The minutes of the court, as copied in the record, explicitly set forth that the grand jury had been " duly empanneled, sworn and charged."

In the assignment of errors, in addition to the objections contained in the nineteen bills of exception hereinbefore passed upon, the following are urged:

That "the record shows that a foreman of the grand jury was selected but does not show that he was sworn." We think the entry on the minutes, which sets forth the selection of the foreman and the drawing of the other grand jurors, and that they were duly empanneled, sworn and charged, unmistakeably shows that the whole grand jury was sworn, and the bill of indictment itself alleges that the grand jury, of which the foreman was a member, had been " duly sworn."

It is assigned as error that the judge *a quo* refused to issue com-

missions to take the testimony of certain witnesses, on behalf of defendant, residing in the State of Mississippi. In the brief of counsel the decision in the case of State vs. Hornsby, 8 R. 554, is relied upon in support of his application. In that case it was held: "that, the courts of criminal jurisdiction not being vested with power beyond a certain prescribed and defined limit, compulsory process cannot issue beyond said limit; that the accused has an undoubted right, under the constitution, to have his witnesses heard, whether they be found within or beyond said limits; that the provision of the constitution allowing the accused to be confronted with the witnesses against him, is a personal privilege which he may waive; that being entitled to a speedy trial and to compulsory process to enforce the attendance of his witnesses, this latter right can only be exercised when the witness resides or is found within the district; that the Legislature having failed to provide means to coerce the personal attendance of the witnesses, it follows as a necessary corollary, that recourse must be had to the ordinary and only remaining method of procuring testimony, viz., by commission."

This clearly had reference to the testimony of witnesses residing *within* the State and beyond the jurisdictional limits of the court before which the trial was had. It is based upon the reason that, under the constitution then existing the accused then, as now, had the right to *compulsory process* to enforce the attendance of his witnesses, and then the Legislature having failed to pass proper laws to carry out the provision of the constitution, the court *ex proprio motu*, recognized, for the reasons given in the opinion, the right to issue commissions to take the depositions of witnesses within the State, but beyond reach, therein, of its process. This right was recognized in view of the absence of means to enforce compulsorily the attendance of *such* witnesses.

The State can only provide for compulsory process within its own limits and jurisdiction. She is powerless to execute or to cause to be executed, such process in a foreign country, or even in another State. Under the laws, in force on the trial of this case, compulsory process, in certain criminal cases, of which this is one, may be executed throughout the State, and under the decision cited and the reasoning therein depositions of witnesses absent, *but within the State*, would not be admissible. Any constitutional or legislative provisions, enforcing the attendance of witnesses outside of the State by compulsory process, to be executed outside of the State, would be vain and inoperative, and we think with the District Judge, that there is no law authorizing the issuance of the commission applied for or the admissibility of evidence taken thereunder. No such right exists under statutory law, and, we think, cannot be derived from common law. In Alabama it has been held that, "at

common law a commission to take the deposition of a non-resident witness cannot issue at the instance of the defendant in a criminal case." *Ex parte* Haskins, 6 Ala. 63.

We do not think there was error in the verdict, sentence and judgment of the lower court.

The judgment of the lower court is, therefore, affirmed with costs.