## No. 1,327.

### THE STATE OF LOUISIANA vs. O. AUSTIN ASHWORTH.

1. The clerk of court is a competent witness by whom to prove that he was not duly qualified as jury commissioner prior to the drawing of a *venire*.

2. The law requires that a motion to quash and set aside a *venire* on the ground that the clerk had not been qualified as a jury commissioner before he assisted in the drawing thereof, shall be filed on the first day of the term at which the indictment is found, and any objection to that effect must be so filed, or exceptional circumstances shown which rendered compliance therewith impracticable.

APPEAL from the Fourteenth District Court, Parish of Calcasieu. *Reed*, J.

*J. C. Gibbs*, District Attorney, for the State, Appellee.

*W. F. Schwing* for Defendant and Appellant.

The opinion of the Court was delivered by

WATKINS, J. The defendant was indicted for the crime of burglary, found guilty of larceny, and from a sentence to one year's imprisonment at hard labor, prosecutes this appeal.

His chief complaint is of the refusal of the trial judge to sustain a motion to quash the indictment on the ground that the clerk of court had not taken the oath as jury commissioner before the drawing of the *venire* of jurors from which the grand jury that found it was drawn and empaneled.

In support of this motion the clerk was introduced as a witness by whom to prove the fact on which the defendant relied, but the counsel for the State objected to his making any statement, on the ground that his testimony would contradict the official *proces verbal*, and his other official acts. This objection was correctly overruled, because this testimony did not tend to contradict any of his official acts, but to show that he was not qualified to perform the act in question. The *proces verbal* of the drawing of the *venire* only recites that the clerk *performed* certain *acts* as jury commissioner, but it does not state that he qualified as such. We regard his testimony as competent.

His testimony clearly shows that he was not qualified to act as jury commissioner at the time he acted as such, in the drawing of the *venire* in question, not having previously taken the oath of jury commissioner. Section 3 of Act 44 of 1877.

Under the well settled jurisprudence of this court, and that of our predecessors, the failure of the clerk of court to take the required oath before entering upon the discharge of the duties of jury commisioner, rendered the drawing of the *venire* illegal. State vs. Williams, 30 Ann. 1028; State vs. Rowles, 31 Ann. 387; State vs. Vance, 31 Ann. 398; State vs. Bradley, 32 Ann. 402; State vs. Thompson, 32 Ann. 879; State vs. Conway, 35 Ann. 350; State vs. Washington, 33 Ann. 896.

But the district attorney insists that as the defendant's motion was not filed on the first day of the term at which the indictment was returned, it came too late, and was, therefore, properly overruled.

The statute provides "that all objections to the manner of drawing juries, or to *any* defect that (than) can be pleaded against any array or *venire*, must be urged on the first day of the term, or all such objections shall be considered as waived, and shall not afterward be urged." Section 11, Act 44 of 1877.

Our predecessors interpreted this section of that statute and applied it to the question under consideration, in State vs. Vance, 31 Ann. 399. They said:

"The general *venire* list from which the jury was drawn, was made by Herbert, clerk of the court and jury commissioner, prior to his having

taken the oath required by law, as jury commissioner. The court refused to allow the exception and motion to be filed because they were not made on the first day of the term. Section 11, Act 44 of 1877, the present jury law, does require the exceptions to the array or *venire* to be made on the first day of the term; but, obviously, this must be understood with *some restrictions*. No objection could be made to the *venire* before it was drawn; nor could a person indicted for an offense *committed during the term, and put upon his trial during the term,* have objected to the *venire* on the first day of the term."

To meet this objection the accused filed an affidavit, to the effect that at the time of his indictment and arraignment, he ' did not know and could not have known that the clerk had failed to qualify as jury commissioner. He further states that he was not indicted until the first day of the term.

The accused does not state that the crime with which he stands charged was *committed* subsequent to the first day of the term, nor that he was placed on trial during the term at which the bill was found. Hence he has not brought himself within the restrictions mentioned in the opinion cited *supra.*

On the contrary, the record shows that the indictment was brought into court on the 28th of April, 1888, and that the accused was arraigned thereunder on the 1st of May following. No further proceedings were taken until the 12th of February, 1889, when defendant's motion to quash was filed.

On the following day his bond was forfeited. Things remained *in statu quo* until the 6th of May following, when the motion to quash was overruled. The case was called for trial and the defendant convicted, and on the 10th of May he filed a motion in arrest, assigning the same ground as that contained in his motion to quash. No disposition having been made of it, he supplemented the motion with the affidavit above referred to.

Under this state of facts we feel constrained to say that defendant's objections were not seasonably preferred. Nearly one year had elapsed between the finding of the indictment and the filing of the motion to quash. During this time the accused was out on bond, and had the fullest opportunity to advise with his counsel, and he had ample opportunity to have examined the record of the appointment of the jury commissioners long before his complaint was made.

His motion had been tried and decided against him; the case had been tried and the defendant found guilty; a motion in arrest had been filed, and, not having been disposed of, the affidavit was offered as a supple-

ment thereto—more than three months subsequent to the filing of the motion to quash, and more than one year since the finding of the bill.

The accused has not exercised *any* diligence whatever, nor disclosed any sufficient reason for his long delay in tendering his plea. He may have entertained the idea that, by waiting until twelve months had expired, prescription would terminate the prosecution, or the witnesses against him might disappear.

It was evidently the intention of the Legislature to require such complaints to be seasonably tendered, in order that the remedy might be seasonably applied, and without serious detriment to the interests of the State or of the accused.

Under the circumstances of this case we think the ruling of the trial judge was correct.

There is no merit in the motion in arrest of judgment. There is no error apparent on the face of the record.

Judgment affirmed.