## No. 10,985.

THE STATE OF LOUISIANA VS. RICHARD A. CURTIS ET AL.

The defendants were prosecuted by information filed. It contained two counts, one for burglary and one for larceny. The verdict was guilty in manner and form as charged.

In framing the information the district attorney in the allegations as to burglary made the proper recitals.

In the count for larceny, he used the language proper in an indictment. On the day he filed the information, he discovered the error, and under Sec. 1047, Revised Statutes, amended the same. Held, that the recitals in the information were clerical errors, and the information could be properly amended. The verdict was a general one and responsive to the information and was valid.

When the information charges that four pairs of shoes, four pairs of pants were stolen, it is sufficient description of the property.

Irregularities imputable to the jury commission can not be taken advantage of unless the injury is such as is described in Sec. 10 of Act 44 of 1877.

Motions to set aside the venire must be filed on the first day of the term. When the indictment or information has been presented at a previous term, the objections to the venire at a subsequent term must be urged on the first day of the term, unless it is shown that the facts upon which the motion was based were of such a character that it was impossible for the defendant to know them until after the commencement of the term.

On an application for a change of venue the defendant must give notice of its filing in a reasonable time to the district attorney.

In ruling on applications for change of venue the trial judge is vested with a certain discretion that will not be disturbed, unless his rulings are manifestly erroneous.

APPEAL from the Thirteenth District Court for the Parish of Acadia. *Lewis, J.*

---

*W. H. Rogers*, Attorney General, for the State, Appellee.

---

*Jos. A. Chargois* and *E. P. Veazie* for Defendant and Appellant.

State vs. Curtis et al.

The opinion of the court was delivered by

McENERY, J. The defendants were indicted for burglary, convicted and sentenced to hard labor for three years. They have appealed.

The defendants were prosecuted by information. In the information there are two counts, one for burglary and the other for larceny. In the second count, the District Attorney in framing the information, probably using a blank form for the purpose, charges that "the grand jurors aforesaid, under their oaths aforesaid, do further present," etc. The District Attorney, on discovering the error on the same day, moved to amend the information so as to insert instead of the above words the proper allegations. The information was amended in accordance with the motion. The accused objected that the information purported to be an indictment and to change it as requested by the District Attorney was altering it in substance.

The grand jury never presented the indictment. The prosecution was by information. The error was purely clerical, and the court, under Sec. 1047, Revised Statutes, was authorized to permit the amendment. The defendants further objected that the amended information served on them was not a correct copy of the indictment. If the original had been served it would have been sufficient, as the amendment was not one of substance but of form only.

The information contains two counts, for burglary and larceny; the first is properly charged.

The verdict was a general one of guilty in manner and form as charged in the information. This is sufficient to obviate the objection of defendants.

In the second, objection is made to the description of the offence charged.

It is alleged that the articles alleged to have been stolen were not described with sufficient particularity. They are particularized as four pairs of shoes, four pairs of pants, one lot of jewelry, one lot of shirts and cravats. The description is sufficient, as the articles stolen are in part described with as much certainty as it would be possible give by alleging the exact number of articles stolen.

The defendants complain of the denial of their applications for a change of venue.

21

The defendants neglected to give the notice required by Sec. 1025, Revised Statutes, to the District Attorney. In the matter of granting the application for a change of venue, the District Judge is vested with a latitude of discretion, and his rulings in these matters, like those in matters of continuance, will not be disturbed unless manifestly erroneous. The motion was demurred to, and during its consideration the counsel for the accused required the introduction of testimony on the motion. The fact that the motion was filed at a late day in the progress of the case, without notice to the District Attorney, and was taken up to be disposed of before any request was made for the introduction of testimony, leads us to believe, with the trial judge, that the motion was for delay.

The defendants moved to quash the venire because the general venire box was not kept locked, and the names of jurors drawn were not written on the slips by the clerk of the court.

These were irregularities imputable to the commissioners, and in order to serve the defendant it must be shown that he has suffered some injury or some fraud has been practised, as designated in Sec. 10 of the Act No. 44 of 1877. State vs. Willie Taylor, 43 An.; State vs. McCarthy, not yet reported.

In the same motion the additional reasons are assigned for quashing the venire drawn for the second week of the term, that some of the jury commissioners who drew the jury were disqualified to act, having accepted offices since their appointment as jury commissioners which vacated the latter.

We have held that when the accused was put on trial during the term the indictment was found, he could, after the first day of the term, file a motion to quash the venire. 41 An. 683.

The defendant was indicted November, 1891. This motion was filed January 19, 1892, at a subsequent term of the court, eight days after the commencement of the term. The case was fixed without objection for trial January 18, 1892, and on this day refixed for the 20th.

The defendants make oath that these facts as to the disqualifications of the jury commissioners have come to their knowledge since the 18th day of January, the day on which the case was fixed for trial.

The accused have failed to show these facts could not have been ascertained by them by diligent inquiry. They were all matter of

record in the parish of Acadia, and could have been easily ascertained.

The motion was filed too late.

Judgment affirmed.

### ON APPLICATION FOR REHEARING.

·FENNER, J.   The assignment of errors, filed herein before sub-mission, was misplaced and not brought to our attention.

The error assigned in the failure of the judge *a quo* to comply, in his sentence, with the requirement of Section 2 of Act 112 of 1890, which requires the judge to state at time of sentence " that it is sub-ject to the commutation and diminution provided," etc.

It does not appear that appellants called the judge's attention to this matter in any way or made any application to him on the sub-ject.   Under such circumstances, we do not feel called upon to re-verse the judgment.   State vs. Benjamin, 7 An. 47; State vs. Romano, 37 An. 98; State vs. Johnson, 33 An. 889.

It is doubtful if the judge's omission prejudices defendant's right under the statute, and they will no doubt find means to secure its benefit.

Rehearing refused.