(90 South. 833)

No. 25040.

**STATE v. WRIGHT et al.**

(Jan. 30, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Jury** ⊜110(9) — **Irregularities in drawing jury must be objected to before going to trial.**

Under Act No. 135 of 1898, § 16, requiring all objections to the selection or drawing of the jury to be urged before entering on the trial of the case, objections that the detalibus jury box did not contain the required number of names is waived where not made until after the verdict.

2. **Criminal law** ⊜968(10)—**Irregularities in drawing jury not ground for arrest of judgment.**

Irregularities in the drawing or selection of the jury are not ground for a motion in arrest of judgment.

3. **Criminal law** ⊜918(10, 11)—**Plea of ignorance of irregularities in drawing jurors does not excuse delay in objecting.**

A plea by defendant's counsel in the motion for new trial that they did not know of the irregularities in the selection of the jury until after the verdict was rendered does not excuse their failure to object before the trial or create an exception to the statute requiring such objections before trial.

Appeal from Fifteenth Judicial District Court, Parish of Allen; Jerry Cline, Judge.

Jack Wright and others were convicted of cattle stealing, and they appeal. Affirmed.

S. N. Young, of Lake Charles, and Williams & Reed, of Oakdale, for appellants.

A. V. Coco, Atty. Gen., and Griffin T. Hawkins, Jr., Dist. Atty., and Mark C. Pickrel, Asst. Dist. Atty., both of Lake Charles (T. S. Walmsley, of New Orleans, of counsel), for the State.

BAKER, J. Defendants were convicted of cattle stealing, and sentenced to one year at hard labor.

They moved for a new trial, basing their application entirely on paragraph 4 of their motion, which reads as follows:

"They further urge that there were only five jurors accepted from the regular venire, and the clerk of court was then ordered to bring into court the detalibus jury box and to draw therefrom names, and in all there were drawn 60 names; that defendants did not know but that said detalibus jury box was legal and had its required complement of names required by law, but has since learned that it did not have the required 100 names therein, and they were deprived of their legal rights to have detalibus jurors drawn from a jury box containing the required 100 names; that there is no record extant showing that the box produced in court was ever filled as required by law or ever replenished, etc., and by whom, and that they now charge that said detalibus box as produced in court and from which your defendants were compelled to select their jury was and is an illegal detalibus jury box; that, if same had been legal, which is denied, on November 21, 1921, then on that date there were drawn therefrom 31 names in another case, and immediately said 31 slips were destroyed, although 5 of the 31 names were used upon the trial then in progress, all contrary to law, and thus leaving the box with only 69 names, and that at least 5 of the said names were illegally removed from said box or should have been returned in accordance with law, and that said box was not replenished when later brought into court on the trial of this case; that these 31 names were destroyed immediately upon list being made and before being summoned and ascertaining whether they would serve; that 5 of them did serve, but that the slips bearing their names had already been destroyed when they were brought into court, and were never replaced in the said box as required by law; that your defendants were thereby deprived of their legal rights and to their prejudice and irreparable injury; and that they did not know of any of these facts until same was ascertained by investigation after the trial."

[1] Defendants should have urged these alleged irregularities before going to trial. Section 16 of Act 135 of 1898, p. 216, the jury law, provides:

"That all objections to the manner of selecting or drawing the jury or to any defect or irregularity * * * must be urged or entered on the trial of the case; otherwise, all such objections shall be considered as waived and shall not afterwards be urged or heard."

And this court has held in cases similar to the instant one that all such objections are fully cured by going to trial without first urging them. See State v. Ashworth, 41 La. Ann. 683, 6 South. 556; State v. Tisdale, 41 La. Ann. 338, 6 South. 579; State v. Curtis, 44 La. Ann. 320, 10 South. 784; State v. La Bauve, 46 La. Ann. 548, 15 South. 172.[1]

[2] These same alleged irregularities were made the basis of a motion in arrest of judgment. They, not being ground for a new trial, are a fortiori, not ground for arrest of judgment. Moreover, it is well settled that irregularities of the kind complained of are not ground for arrest of judgment. Marr's Criminal Jurisprudence, p. 863.

[3] The learned counsel for accused urge that they and their clients did not know of these irregularities until after verdict; and they would have this absence of knowledge justify an exception to said rule. Such an exception cannot be recognized; for if it were, it would, in practice, destroy the rule.

Judgment affirmed.

O'NIELL, J., concurs in the result.

---

[1] Reported in full in the Southern Reporter; reported as a memorandum decision without opinion in the Louisiana Annual Reports.