OVERTON, J.
 

 (dissenting).
 

 I do not find myself in accord with the decree in this case. It seems to me that too much weight is attached, in the majority opinion, to the excuse presented by counsel when he was appointed by the court to defend the accused. Prejudice is a virtue in no one. and, in my humble opinion, should have no place in the breast of a lawyer, especially against one whom he may, at any time, be called upon to defend.
 

 No one knows better than a lawyer that his sole duty is to protect the rights of his client to the best of his ability, and, uninfluenced by his personal views as to the guilt of his client, of which he is not the authorized judge, to present that client’s case to the court and jury fully, to the end that justice may be done, under the law, between the state and the person whose rights are committed to his charge.
 

 It doubtless does occur that a lawyer would rather, in some instances, that the court not appoint him, for the character of the case may be such as to make it appear practicably indefensible, or perhaps entirely so, but such considerations do not constitute valid excuses.
 
 *1081
 
 Doubtless, at times, valid excuses do present themselves, which usually are recognized by the court.
 

 In the case before us, the sole evidence of counsel’s excuse is contained in a minute entry, which shows that he stated to the court that, by reason of his friendship for the deceased, he was prejudiced against the accused and unable to defend him, whereupon the •court reminded counsel that the accused was entitled to counsel, and ordered counsel, after reminding him of his duty, to defend the accused. What inquiry was made by the court before giving the order to defend does not appear, but it is obvious that the court, in the exercise of its judgment and discretion; considered the excuse, with the tacts before it, insufficient.
 

 A ruling of this nature by a trial judge, to say the least, is entitled to great weight. He is in possession of the facts.
 

 Whatever prejudice counsel may have had against the accused in the beginning, let it be said, to his credit, he either overcame or cast aside before the trial, not permitting it to interfere with the presentation of the case of the accused. The record, I think, will bear me out in this. The only error, in my judgment, which could have resulted as a consequence of the prejudice, declared at the time of the appointment, was the tardiness of the defendant in filing the motion for a change of venue. The desire of counsel to be relieved from the defense may have caused that delay. The filing of the motion on the day of trial, over two weeks after the case was fixed for trial, afforded ground for the court to overrule the motion as coming too late. State v. Curtis, 44 La. Ann. 320, 10 So. 784; State v. Fulford, 33 La. Ann. 679. The record, however, makes it clear that the tardiness in filing this motion, and the action of the court in overruling it, did not operate to the injury of the accused. This so appears from the fact that eleven jurors were impaneled before the accused exhausted his peremptory challenges, and from the further fact that no difficulty was experienced in obtaining the remaining juror. It would therefore seem that there would have been no reason to sustain the motion, even had a continuance been granted for its trial and evidence heard. State v. Perry, 149 La. 1065, 90 So. 406.
 

 The record, also, I think, fairly discloses that counsel was not affected by prejudice in the presentation of his client’s case, and was not unprepared to handle it. The case was not a complex one. He seems to have presented it fully, and to have protected the rights of the accused at every step. While, in my judgment, none of the nine bills of exception reserved by counsel for his client may be properly sustained, nevertheless I' am not prepared to say that any one of them is frivolous.
 

 While it is not pleasant to dissent in a case, where sentence of death has been pronounced, from a judgment setting aside that sentence, yet I feel that no ground exists in this case for a reversal. I therefore respectfully dissent.