TEMPLE
*v.*
SMITH.

## STATE *v.* HOLMES.

Section 35 of the Act of May 4, 1805, does not require that a copy of the indictment, and a list of the jury which are to pass on the trial of the accused, should be delivered to him before arraignment. It requires that they should be delivered to him two entire days before trial.

The proper time for the prisoner to make the objection, that he has not been served with a copy of the indictment, is when he is called up for trial, and his not doing so at that time will amount to a waiver of a copy of the indictment.

APPEAL from the District Court of the Parish of Caddo. This case was tried by a jury before *Bullard*, J. *Morrison*, for the State. *Hodge* and *Buckner*, for defendant. By the court:

DUNBAR, J. The defendant, indicted for murder, was found guilty by a jury as charged in the indictment, without capital punishment, and has been sentenced to hard labor in the penitentiary during life.

This case comes before us upon motions for new trial, arrest of judgment, and several bills of exceptions.

The defendant, upon his arraignment, stood mute, whereupon it was ordered by the court that the plea of not guilty be entered for him, which was accordingly done. It appears that at the time there had not been a copy of the indictment served upon the prisoner; and it is now contended that for this reason a new trial should be awarded to him. We think not. The Act of 1805, p. 440, sec. 35, requires "that every person who shall be accused and indicted for any capital crime, or any crime punishable with imprisonment at hard labor for life, or for seven years or upwards, shall have a copy of the indictment and list of the jury which are to pass on his trial, delivered unto him at least two entire days before he or she shall be tried for the same;" but does not require that this should be done before arraignment.

It is next urged, that a true copy of the indictment was not served on the prisoner two days before his trial, the copy which was served on him not having the endorsement, by the grand jury, of "a true bill," written thereon, as in the original.

We are not of the opinion that this objection can avail the prisoner, because when he was called up for trial, upon being asked if he was ready, "his counsel said he was not ready, but offered no motion for a continuance, and said he should interpose no obstacle to the trial, but would reserve all legal objections to the proceedings. Whereupon the court ordered the trial to proceed."

This was the proper time to have made the objection, that the prisoner had not been served with a copy of the indictment; and his not having done so was a waiver of a copy of the indictment, if, indeed, one had not been previously served on him, of which we are by no means satisfied by the evidence, but are rather inclined to believe that a true copy of the indictment had been served on him, in conformity to law. *State* v. *Hernandez*, 4 Ann. 379.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.