## No. 9.

### STATE OF LOUISIANA VS. FRANK KANE.

32 999
115 202
115 859

The law does not require that a copy of the Indictment and a list of the jury, which are to pass on the trial of the accused, should be delivered to him before arraignment. They should be delivered to him two entire days before *trial*, but not before the *fixing* of the case for trial. State vs. Holmes, 7 An. 567, affirmed. State vs. Chenier, 32 An. 103, overruled.

Nor is the District Attorney obliged to fix cases for trial, in the order in which they appear on the docket.

The accused cannot refuse to go to trial on the grounds, that, on the list of the jurors served on him, some had been excused, some had not been summoned, and the names of two of them were not on the original *venire*.

The accused cannot object to the manner in which talesmen are summoned by the Sheriff, after exhausting the regular panel, without showing improper conduct or partiality in the officer's action, or injury resulting therefrom to the prisoner.

APPEAL from the First Judicial District Court, parish of Caddo. *Taylor*, J.

M. S. Crain, District Attorney, for the State, Appellee.

Hicks & Hicks for Defendant and Appellant:

The common law method of proceedings in the prosecution of crimes, offenses and misdemeanors has been adopted in this State, unless otherwise provided, and must be pursued step by step, or the law's penalty cannot be imposed. R. S. 976; 1 Bishop on Crim. Pro. Secs. 80, 93.

First—A copy of the indictment and a list of the jury must be served upon the accused, indicted for grand larceny, two entire days before the case can be set down for trial; that is before his arraignment, which precedes the setting the case. R. S. 992 ; Acts of 1874, p. 223, sec. 8 ; 4 Black Com. 351, 289, 332 ; 1 Chitty's Crim. Law, 414, 417.

Second—Cases on the criminal docket must be called and set for trial, or be otherwise disposed of, in their order upon the docket. 1 Chitty's Crim. Law, 484, 488 ; C. P. 145 ; Const. art. 7.

Third—Service of a list of thirty jurors, two of whom were excused on account of urgent business and because of attendance on the court during a prior week of the term, through mistake, two not on the original venire, and others of the remaining jurors were either excused, not summoned, or not in attendance during the term, leaving only ten jurors in attendance upon the court, is not a compliance with the law, and the accused ought not to have been forced into trial, he having urged the objection to the jury list. 3 A. 52 ; 7 A. 285 ; 11 A. 422 ; 8 A. 514 ; 10 A. 743 ; 14 A. 42 ; 30 A. 114 ; 32 A. 223; Acts of 1877 ; Spec. Sess. p. 55, secs. 1 and 2 ; 11 A. 81 ; 26 A. 422 ; 32 A. 224.

Fourth—The defendant must be arraigned and plead to the indictment before the case can be called for trial. 4 Black. Com. 289, 322 ; 1 Chitty's Crim. Law, 414, 417 ; 32 A. 104.

Fifth—It is the duty of the judge to order tales jurors to be summoned from amongst the persons present in court, and others cannot be summoned till the bystanders have been exhausted ; and if the judge refuses to so order, his error cannot be cured by the sheriff in summoning them. 3 Black. Com. 364-5 ; 4 Black. Com. 355 ; 23 A. 148 ; 26 A. 46-7.

Sixth—For the above reasons, the court ought either to have granted a new trial, or to have arrested the judgment. This court will grant a new trial when there is a possibility that irregularities were committed in the proceedings calculated to influence the result of the trial unfavorably to the accused, though the judge was right in his several rulings. 30 A. 540.

The opinion of the Court was delivered by

LEVY, J. Frank Kane was indicted, tried by jury and convicted of

the crime of larceny, and sentenced to three years imprisonment at hard labor. From the judgment of the District Court the defendant has appealed.

On the 18th of September, 1880, the case was set for trial on the 22d of same month. The defendant objected to this order for the reasons as stated in his bill of exceptions, to wit: because a copy of the indictment and list of the jury had not been served upon him two entire days previous to the fixing of the case for trial. He also objected to fixing the case for trial, because the docket had not been called in regular consecutive order, and the cases preceding his on said docket had not been called and disposed of before his case was called and set for trial. These objections were overruled by the district judge, for the reasons that "this case was fixed on Saturday, September 18th, 1880, for trial on the following Wednesday, September 22d, in accordance with the rule and practice of the said court, which rule is to set causes on every Saturday of the term, after the first week, for trial during the coming week," and "a copy of the venire and indictment were served on the accused on Friday, (Sept. 17th, 1880), before his case was fixed for trial, and no rule of law or of the court requires such service to be made before fixing the case for trial;" and further, "there is no rule of court or of law requiring the District Attorney to fix cases for trial in the order in which they appear on the docket." We do not think the lower court erred in these rulings. Service of a copy of the indictment was made on the prisoner more than two entire days before his trial. The law requires: "every person who shall be indicted for any capital crime, or any crime punishable with imprisonment at hard labor for seven years or upward, shall have a copy of the indictment, and the list of the jury which are to pass on his trial, delivered to him at least two entire days before the trial." Rev. Stat. § 992. We do not regard it necessary that service of the copy of indictment and list of the jury shall be made two days before arraignment, and this is distinctly held in State vs. Holmes, 7 An. 567. It is true that the accused cannot be tried until arraigned, State vs. Epps, 27 A. 227, but he can be arraigned and not tried. The decision in 32 A. 104, is not sustained by the previous decisions of this Court, and the doctrine which we have just stated is based upon the uninterrupted rulings of the court for many years, which we are not disposed to disturb.

As to the objections to the list of thirty jurors served on the prisoner, because some of them had been excused, and some had not been summoned, and the names of two contained in the list served on him were not on the original *venire*, their names having been erased therefrom, one having been excused on a physician's certificate, and one having left the State permanently after being summoned, we do not

think they can prevail under the authorities to which we shall refer. In excusing jurors, the court is presumed to have done so on good and sufficient grounds. 32 A. 222. In State vs. Ross, 30 A. 1154, it is held : "When the regular venire has been exhausted without completing the jury, it is the duty of the judge, *if the accused shall so request,* to order the sheriff to call the absent members of the regular panel at the court-house door before the summoning of talesmen to complete the jury." In this case it does not appear that such request was made.

The non-attendance of some of the jurors summoned, and not excused, is not good cause for a refusal to go to trial. State vs. Johnson, 11 A. 422 ; State vs. Kennedy, Ib. 479. In State vs. Dubord, 2 A. 732, the Court said : "A verdict will not be disturbed for a variance between the names of the jurors who tried the case, and those on the jury list." In the case of State vs. Howell, 3 A. 52, cited by prisoner's counsel, the Court, in a case somewhat similar to this, said : "The inconvenience to which the prisoner may be subjected in the event of the failure of jurors to attend, from unforeseen causes, is one to which he must necessarily submit while deriving the benefits of the statute. It is one of those unavoidable evils which no legislative foresight can provide against, but can never be serious, the number of jurors selected at each drawing being limited. The object of the law will be fulfilled if the prisoner be furnished with a list which is complete at the time of its delivery." In State vs. White, 7 An. 532, "an objection was urged on the part of the defendant, on account of the refusal to sustain his challenge to the jurors presented to him, because all of the jurors comprising the list that had been served on him were not present, some of them having been excused from attendance by the court. This Court held that there was no error in the ruling of the court a qua, overruling the objection, because the jurors had been excused for good and legal cause, or were absent without leave of the court, and under these circumstances, when no more jurors could be obtained from the regular panel or list of jurors, the court ordered talesmen to be summoned. See, also, 11 An. 422 ; 26 A. 46 ; 28 A. 631.

The prisoner also filed a bill of exceptions to the refusal of the judge a quo to instruct the sheriff to summon the bystanders as tales jurors, but did instruct him to "summon forty capable and competent men to serve as tales jurors, and directed him to summon them wherever they could be found," and, as stated in the bill of exceptions signed by the judge, "under which instructions, the sheriff could, and did actually proceed to summon them in the court-room liable to jury duty." No attempt has been made to show that bystanders were not summoned, nor that there was improper conduct or partiality shown by the sheriff in summoning the talesmen, or that any injury resulted to the prisoner.

On the contrary, the bill itself shows that bystanders were actually summoned under the order, and we fail to discover any reason for complaint on the score of the manner in which the order of the court was executed by its officer. In the case of State vs. Bunger, 14 An. 464, the Court held : " If the sheriff did not act with impartiality toward the accused, that was a matter of fact which ought to have been submitted to the district judge, and which rested in his sound discretion." Here the order given by the judge, while not confining the plaintiff to the summoning of bystanders, included them. Besides, *non constat*, and the bill does not set forth, that there were any bystanders in the court-room who were "capable and competent" and qualified to act as jurors. It would hardly be contended that none but bystanders could be summoned as talesmen.

The motion in arrest of judgment covered the points which have been herein discussed. and, in his assignment of errors filed, the prisoner sets forth, in addition to the reasons and causes covered by his bill of exceptions, that there was error in the lower court in overruling his motion for a continuance in arrest of judgment, and for a new trial. The motion for continuance was denied by the judge *a quo* in the exercise of the sound discretion which rests in him ; and this Court will not interfere in such a matter, unless the action of the lower court involves palpable injustice. The motion for continuance and affidavit supporting it do not, in our opinion, afford sufficient legal grounds for the continuance, and we do not think the judge *a quo* erred in his denial.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be affirmed with costs.