No. 8084.

## STATE OF LOUISIANA vs. WILLIS TESSIER.

It is not necessary for conviction, under a charge of obtaining property under false pretenses, that the false pretenses should be the sole inducement by which the property is parted with; it is enough that they had controlling influence with the party defrauded.

A correction of the minutes after the Appeal is granted, so as to conform to the facts, is legal if made contradictorily with the accused.

APPEAL from the Eleventh Judicial District Court, parish of Natchitoches.   *Pierson*, J.

32  1227
45   501
32  1227
46  1198
32  1227
51  1076

D. C. Scarborough, District Attorney, and J. C. Egan, Attorney General, for the State, Appellee.

First—A new trial should not be granted on the ground of newly discovered evidence, when such evidence goes to the impeachment of a witness, and not to the merits of the case. 1 Archbold, 178.

Second—The minutes in a criminal case may be amended and corrected, when done contradictorily with the accused. 31 A. 387.

Chaplin, Dranguet & Chaplin for Defendant and Appellant.

---

The opinion of the Court was delivered by

FENNER, J. The defendant, convicted of obtaining property under false pretenses, presents two errors for review on this appeal.

1st. The refusal of the judge *a quo* to grant a new trial upon an application properly made and predicated on newly discovered evidence. The false pretenses, charged in the indictment and sustained by the verdict, were that he induced the prosecuting witness to part with his property, being three hogs, upon the following representations, all untrue, viz: that his name was Smith; that he was a photographer and in business in the city of Natchitoches; and that he had at his house fifty dollars in money, from which sum he promised to pay the prosecutor the sum of twenty dollars the next morning.

The newly discovered evidence, on which the application for new trial was based, is stated in the affidavit of E. E. Buckner, that McConnell, the prosecuting witness, had made the following statement to him, viz: "That he lived a long way in the country, that he had brought a load of hogs to town for sale, and then proceeded to give an account of the transaction substantially the same as that afterwards given by him on the witness-stand. When he had finished with his account of the transaction, on my expressing some surprise that he should have given up his hogs under such circumstances, he said the weather was warm and he was afraid his hogs might spoil, and added that he thought Tessier was a business man and would pay him."

Defendant contends that the effect of this newly discovered evidence would be to show that the false pretenses charged did not constitute the operative cause or principal inducement for the transfer of the property, but that such principal inducement was the fear that his hogs would spoil.

We do not think such effect could, in any sense, result from the evidence.

"It is not necessary that the false pretenses should be the sole inducement by which the property is parted with; if they have controlling

influence, it is enough, though other minor considerations operate upon the mind of the party."

Wharton Cr. L., ¿ 2121.

It must be presumed that the prosecution established, on the trial, the elements of the offense charged, including the controlling influence of the false pretenses.

Nothing in the newly discovered evidence, negatives, or is inconsistent with, such controlling influence.

The fear that the hogs would spoil may have been a motive for an anxiety to sell ; but it does not follow that such motive would have had any, much less, controlling influence in inducing him to sell to Tessier, but for the false representations.

We think the new trial was properly refused.

2d. A bill of exceptions appears in the record to the action of the judge in permitting the minutes to be corrected so as to conform to the facts after the appeal had been granted. The proceeding to correct was taken contradictorily with the accused, who urges no objection to it except as to the time of the correction. This point is settled adversely to defendant. State vs. Revels, 31 A. 387.

It is, therefore, ordered that the judgment appealed from be affirmed.

Mr. Justice LEVY takes no part in this decision.