### No. 9464.

The State ex rel. Susanne Jarvo vs. Judge of Criminal District Court for the Parish of Orleans, Section A.

Revisory legislation, embodied into a system of laws and termed the Revised Statutes of the State, which embrace antecedent statutes of a general nature on various subjects, and reduces them to one body and one text, repeals all prior statutes upon the same subjects not included in the revision, especially where it contains an express repealing clause.

So, the third section of the act approved the 22d February, 1817, denouncing the crime of concealment by the mother of the death of her infant child and declaring the penalty therefor, was repealed by the repealing clause of the Revised Statutes of 1870 (Section 3990 thereof), the said section not being included in said Revised Statutes and not being excluded from the operation of said repealing clause by express exception or mention therein.

APPLICATION for Prohibition and Certiorari.

*Jos. C. Walker* for the Relator.

*Lionel Adams* for the Respondent.

The opinion of the Court was delivered by

Todd, J. The relator was convicted of an offense declared in the third section of an act.approved 22d February, 1817—the title of said act being: "An act supplementary to an act for the punishment of crimes'. and misdemeanors." The act to which it.was supplementary being an act of May 4, 1805.

The section referred to reads as follows:

"That if any woman shall be delivered of any issue of her body, and shall endeavor privately, either by drowning or secret burying thereof,

or in any other way, either by herself or with the aid and assistance of others, so to conceal the birth thereof that it may not come to light, whether it be born alive or not, in any and every such case the said mother, together with all and every other such person or persons so aiding and assisting shall, on conviction thereof, be punished by imprisonment for not less than five nor more than fourteen years."

After a verdict of guilty was returned by the jury, the relator was remanded to prison to await sentence.

At this stage of the proceedings in the trial court, she applied to this Court for writ of certiorari and prohibition, with a view to have the prosecution annulled and to prevent the passing of the sentence and the infliction of the punishment authorized by the section quoted.

The case not being appealable, the relator invokes the aid of the supervisory powers granted to this Court by Art. 90 of the present Constitution.   No question is raised by the pleadings as to the case coming within the scope of the powers referred to.

The relator bases her right to relief upon the proposition, advanced in her petition, to the effect that the law under which this prosecution was instituted is no longer in existence. but was repealed and annulled by the repealing clause in the revisory legislation of 1870—said repealing clause being Section 3990 of the Revised Statutes of that year.

This is the sole question for our determination.

The revision of the statutes of 1870 was made by virtue of Act 31 of 1868.   This act provided for the appointment of a joint committee of the two houses, under whose direction the work was to be done.   The preamble of the act, explanatory of its purpose, reads thus:

"Whereas, It is a matter of great public importance that the public statutes of this State should be revised, their language simplified, their incongruities arrested, their deficiencies supplied, and the whole arranged in order and reduced to one connected text, with a view to their adoption as the Revised Statutes of the State, to the end that all may know the law," etc.

The comprehensive language of this preamble naturally conveys the impression that it was the intention of the Legislature to authorize not merely a compilation or digest of the laws of the State, but to adopt a body of laws under the general head of "Revised Statutes."   The plan of revision thus directed was to select separate subjects of prior legislation, each of which was to be the matter of a distinct statute, and to embrace such antecedent statutes on the same subject or parts of the same subject as it might be thought proper to retain, and when the en-

tire legislation upon a single subject was thus condensed, it was the obvious intention that no reference should be made to previous statutes to ascertain the law. This is the more apparent when we look at the title of the act adopting the revision (Act 96 of 1870) and the repealing clause. In the title of the act are designated all the distinct subjects of legislation embraced in the revision, in their alphabetical order.

Thus we find in this title, among other subjects, the following: "Relative to Crimes and Offenses; the definition of crimes and offenses and the penalties therefor." "Relative to Criminal Proceedings," etc.

The repealing section (3990) is in these words:

"That all laws or parts of laws contrary to or in conflict with the provisions of this act, and all laws or parts of laws on the same subject-matter, except what may be contained in the Revised Civil Code and Code of Practice of the present session, be and the same are hereby repealed, except the thirty third section of an act entitled 'An act for the punishment of crimes and misdemeanors,' approved May 4, 1805," etc.

The plain language of this repealing act, apart from the considerations above mentioned, is well calculated to convey the idea that it was the legislative intent to repeal or annul all laws or parts of laws on the subjects treated of in these revised statutes not included therein. We cannot reasonably conclude that it was from oversight or accident and not intentionally that any statute was excluded, and if purposely excluded, that it was the evident intent that such statute should cease to exist or have the force of law. This is the more apparent from the special exception made in the repealing clause of the section named of the Act of 1805; an exception which could only be construed as an affirmatory declaration that without its mention the act excepted, like all others not included in the revision, would be swept away by the effect of the repealing act.

For, if it was not the understanding at the time that all laws not included in the Revised Statutes, were then repealed, why make special mention of an act and expressly except it from the effect of the repeal? If the act still remained in force unaffected by its omission from the body of the statutes, the express exception made of it was without purpose or meaning.

This conclusion is further supported by the consideration that all the crimes and offenses denounced by the act of 1805 and by the supplemental act of 1817, with the exception of that declared by section 3 of this last act, on which this prosecution is founded, and possibly a few others, are found, embodied either in the same words or in substance in the Revised Statutes of 1870.

Such being the case, no other inference is possible save that the exclusion of this section was by design, and that such exclusion meant that it was no longer to exist, or in other words that it was repealed and annulled.

It is true that we are referred to some decisions of this Court—14 Ann. 446, 668—construing the effect of the repealing clause in the revision of 1855, as opposed to the views now expressed. It is sufficient to say that even a cursory examination of that repealing act (1855), and of the repealing act of 1870, will satisfy any one that the language of the latter act is broader and more far reaching in its terms and at the same time, by the special mention and exceptions it contains, more significant of its repealing purpose and intent.

We are satisfied after an exhaustive examination of the subject, that the correct principle is, that where a revising statute embraces antecedent general laws on various subjects, and reduces them to one system and one text, it repeals all prior statutes upon the same subjects not included in the body of the revision, if not by implication, certainly at least where it contains an express repealing clause. 7 Mass. 140; 1 Pick. 43, 452; 10 Ark. 588; 19 Cal. 501.

It is, therefore, ordered and decreed, that the proceedings in the case of the State vs. Susanne Jarvo and Sarah Brown in the Criminal District Court of the Parish of Orleans, Section A, No. 5440 on the docket of said court, so far as they affect Susanne Jarvo, the relator herein, be avoided and dismissed, and that said court be prohibited from proceeding further in said case, and that said relator, Susanne Jarvo, be discharged from custody.