State vs. Washington and Brown.

40 669
47 426.

40 669
115 839

## No. 1306.

### THE STATE OF LOUISIANA vs. CYRIAQUE WASHINGTON AND CLEOPHILE BROWN.

When a party is indicted and notice of the *venire* list is served on him, and the indictment is afterward *nolle prossed* and an information is filed against the accused at the same term of court. charging the same offense, it is not necessary to again serve a copy of the *venire* on the accused.

When the accused has made several distinct confessions at different times, the State cannot be required to prove that the first confession was obtained without threats, violence or undue influence, before interrogating the witnesses as to other confessions.

The State cannot be controlled in the order of introducing these confessions in evidence.

APPEAL from the Twelfth District Court, Parish of Avoyelles. *Coco*, J.

*J. N. Ogden*, District Attorney, and *James Andrew*, District Attorney, for the State, Appellee.

*L. J. Ducote* and *J. H. Ducote*, for Defendant and Appellants.

The opinion of the Court was delivered by

McENERY, J.   The accused were indicted by the grand jury of the

State vs. Washington and Brown.

parish of Avoyelles, under Sec. 851, Revised Statutes, and were charged with burglary, with intent to commit rape.

The accused were arraigned on said indictment, and the trial fixed for the 14th of June, 1888. A copy of the indictment was served on them, and on the 7th day of June a list of the venire for that term of court. The district attorney, discovering some flaw in the indictment, filed an information against the accused under the same statute, and charging the same offense. A copy of this information was served on the defendants on the same day it was filed, the 13th day of June. The case was called for trial on the 14th day of June, and the district attorney dismissed the prosecution under the indictment. The case was fixed for trial on the 16th day of June.

The accused complain that they were entitled to the jury list two days before their trial. The jury list was served on them, as appears by the sheriff's return, on the 7th day of June. It was not necessary to again serve a copy of the venire on the filing of the information. The information was filed at the same term of court, for the same offense, and they had notice of the jury list duly served, which had been summoned for that term of court.

The law was fully complied with. The accused had notice two whole days, before they were tried, of the jury that was to pass upon their case.

There were several confessions made by the accused. The accused objected, on the trial, to the interrogations of the witnesses upon the several confessions, without the State first showing that the first confession had been proven and had been made without force, violence or threats. The first confession may have been obtained by improper means while the others may have been made voluntarily. There is nothing to show but that all the confessions were voluntary. It was a matter in the discretion of the district attorney as to the manner in which he should introduce the evidence and as to which confession he should use as evidence on the trial.

There is no force in the objections made by defendants. The accused, it appears from the record, had a fair and impartial trial, and there were no errors on the trial shown by the bills of exceptions.

Judgment affirmed.