State vs. Perry.

Mr. Justice Monroe takes no part, the case having been submitted before he became a member of this court.

*v*

## No. 13,007.

## State of Louisiana vs. R. E. Perry, Alias Jack Moore.

### Syllabus.

1. Even after appeal in a criminal case, the trial court may, in a proceeding taken contradictorily with the appellant, correct and amend its minutes so as to present the true facts for the consideration of the Appellate Court.

2. District attorneys prosecuting on behalf of the State should look carefully after the minute entries of the court relating to prosecutions.

3. Judges and clerks of trial courts might save much delay and trouble, as well as facilitate good order and promote regularity of proceeding, by more attention to such details.

4. Defendant, on trial, is not prejudiced by denial of motion to attach a witness whose evidence is immaterial.

5. Granting or denying applications for continuance of criminal causes rests largely in the discretion of the trial judge, and his rulings will not be interfered with unless a clear case of abuse of discretion is presented.

6. A possible motive existing in another other than the accused, and that other not named or suggested, to slay the deceased through revenge for an antecedent killing by him, has a bearing, if any at all, so remote as to render subject to the objection of irrelevancy and immateriality evidence sought to be introduced of such killing by the accused.

7. Where the accused objects to evidence of inculpatory declarations by him on the ground that a proper foundation for the same has not been laid, he should specify the defect complained of.

APPEAL from the Twelfth Judicial District Court for the Parish of Vernon. *Read, J.*

*M. J. Cunningham,* Attorney General, and *A. R. Mitchell,* District Attorney, for Plaintiff, Appellee.

*Don E. Sorelle* and *James R. Monk* for Defendant, Appellant.

Submitted on briefs April 8, 1899.
Opinion handed down May 1, 1899.
Rehearing refused May 15, 1899.

The opinion of the court was delivered by

BLANCHARD, J.   Indicted for murder, found guilty without capital punishment, and sentenced to imprisonment at hard labor for life, defendant appeals.

In an assignment of errors filed here, it is complained that the minutes of the court do not show the presence of the accused at important stages of the trial.   This is true as far as the minutes, as first transcribed by the clerk, read in open court and attested by the signature of the trial judge, are concerned.   But after the transcript was filed here, the Attorney General, suggesting that the minutes of the court, relating to the trial of the case, were defective in not showing the presence of the accused at any stage of the trial, and averring that he was present at all the stages thereof, moved for a correction of the minutes and for a continuance of the case to allow the District Attorney to take proper proceedings in the court below to have the correction made so as to conform to the facts.

An order to this effect, without prejudice to the accused, having been entered here, the District Attorney took a rule in the court a qua on the accused to show cause why the minutes of the trial should not be corrected so as to show his presence in court throughout the trial of the case.   He averred the fact to be that he was present at each and every stage of the trial.

Defendant, answering the rule, pleaded that it was then too late to make any change in the minutes of the trial for the reason that nearly four months had elapsed since the holding of the term of court at which the trial was had; that the proper time for the correction of the minutes, if incorrect, was when they were read in court after the same were first transcribed; that the District Attorney was present when they were so read, and suffered the same to be approved without objection on his part; and that the practice of attempting to effect changes in the minutes of court long after the adjournment of the term at which the trial was had was unsafe, and an unfair preference shown the State as against the accused.

On trial of the rule the testimony showed the presence of the accused throughout his trial.   Whereupon judgment for correction of the minutes accordingly was entered up, and an amended transcript of the case, showing such correction, was presented here and ordered filed without prejudice.

Neither bill of exceptions, nor appeal, was taken by the accused to the ruling and judgment allowing the correction.

But even if there had been, it would not have availed him. It has been held repeatedly that even after appeal the trial court may, in a proceeding taken contradictorily with the appellant, correct and amend its minutes so as to present the facts for the consideration of this court. 31 La. Ann. 337, 400, 557; 32 La. Ann. 1227; 34 La. Ann. 369.

The corrected minutes showing the presence of the accused throughout the trial, his assignment of errors falls.

But while so holding, we deem it not amiss to admonish District Attorneys prosecuting on behalf of the State, of the necessity of looking carefully after the minute entries of the court relating to prosecutions. Judges and clerks of trial courts might save much delay and trouble, as well as facilitate good order and promote regularity of proceeding by more attention to such details.

After having obtained a continuance of his case and postponement of trial for more than twelve months, the accused applied for a change of venue on the ground of the existence of prejudice in the public mind against him to such an extent as precluded the possibility of an impartial trial in the parish.

To an adverse ruling thereon he reserved a bill of exceptions, to which is attached the evidence taken on trial of the application. This testimony fails entirely to show the existence of such prejudice against him as he contended for, and every one of the many witnesses he called declared the belief that he could obtain a fair and impartial trial in the parish of Vernon.

There was no error in the ruling denying the change of venue.

A witness, T. J. Grissom, living in an adjoining parish, having been subpoenaed on behalf of the defense, failing to appear, an attachment was asked. His testimony was wanted to establish the fact that the accused went by the assumed name of J. B. Moore long prior to the date of the murder charged in the indictment; that the reason for this change of name was because he had been black-listed by the railroads; and that his motive in passing under a name other than his real one was not to conceal his identity because of crime committed.

To the refusal of the court to order the attachment, a bill of exceptions was reserved.

The ruling was based, in the main, upon the immateriality of the testimony to affect the substantial issues of the case.

To have granted the attachment of the witness would have necessitated the further postponement of the trial, having then already been postponed more than a year since the arraignment under the indictment.

The testimony of the witness Grissom could not possibly become material unless the State attempted to make capital of the change of name in the instant prosecution, and this the judge could not anticipate or forsee.

The materiality of the evidence was not apparent at the time the attachment was applied for.

It did not appear that the prosecution was then seeking, and it is a fact that it did not subsequently seek, to turn to the disadvantage of the accused the circumstance of the change of name as an incident having any bearing upon the case.

On the contrary, the judge states in the bill of exceptions that the evidence of the State, itself, showed the accused had given the name of "Jack Moore" as his several months prior to the murder.

The accused is not prejudiced by the denial of the attachment, an the ruling of the trial judge thereon is sustained.

On the day the case was called for trial, defendant applied for a continuance on the ground of the absence of certain witnesses for whom subpoenas had issued and reserved a bill to the denial of the motion.

As to two of the witnesses, Williams and Blevins, the sheriff's return shows they had left the State, one of them being in Texas, the whereabouts of the other unknown.

As to another, Sullivan, the return of the sheriff states no knowledge of his whereabouts and inability to learn anything concerning him upon diligent inquiry.

It is established by repeated decisions that the matter of granting or denying applications for the continuance of criminal causes rests largely in the discretion of the trial judge, and that this court will not interfere unless a clear case of abuse of such discretion is presented.

No such abuse appears here.

To the statement made in the motion for continuance as to what was expected to be proven by the absent witness, the judge replied, in his reasons embodied in the bill of exceptions for denying the motion,

that circumstances within his knowledge forced him to conclusions of fact entirely different.

While not justifying this as sufficient grounds for withholding his assent to the demand for continuance, the whole case as presented on the motion to continue does not impress us that the ends of justice would have been subserved by the granting of the continuance, and, accordingly, we cannot say there was error in its refusal.

The State having called the widow of the murdered man to the stand, seeking to identify the accused as one of the two men who had committed the murder, she was asked on cross-examination if her deceased husband had not, a short while previous to his death, killed a man by the name of Sam Williams—counsel for defendant stating his only purpose to be to show motive may have existed in another or others to commit the murder with which the accused stood charged.

Objection by the State being interposed, the same was sustained. Defendant excepted.

The ruling was correct. The burden rested on the State to prove the dead man was killed, that the killing was a murder, and that the accused was the murderer. If any one of these essentials failed of proof, the prosecution fell. A possible motive existing in another, and that other not named or suggested, to slay the deceased through revenge for an antecedent killing by him, had a bearing, if any at all, so remote as to make the question put to the witness well subject to the objection of irrelevancy and immateriality.

The State offered one George Rivers as a witness to prove inculpating declarations by the accused. The latter objected on the ground that the proper foundation had not been laid for the admission. Required by the court to declare wherein the foundation was defective, declined to say. Whereupon the objection was overruled. Defendant excepted.

The statement of the witness is annexed to the bill. We think it competent testimony.

The last bill of exceptions was taken to the denial of the motion for new trial.

The principal ground averred for the motion was separation of the jury. Evidence was taken in the effort to show the separation. It all comes up as part of the bill. It fails entirely to show any separation of the jury.

Judgment affirmed.