NICHOLLS, J.
Under an information charging him with “striking with a dangerous weapon with intent to kill and murder,” defendant was convicted of “striking with a dangerous weapon with intent to kill,” and sentenced to 2% years’ imprisonment -in the state prison.
He appeals.
Appellant’s counsel made no appearance and filed no brief in the Supreme Court. He evidently felt that if errors were committed in the trial court they resulted in no injury to his client, and an examination of the record has brought us to the same conclusion.
Eight bills of exception were taken. The first complaint made was to the overruling by the court of motion for a continuance, based on the claim that the accused had not been served with a copy of the information and venire for two entire judicial days before the trial. Service had been made of them two days before the trial. Section 992 of the Revised Statutes does not require the days to be judicial days. State v. Holmes, 7 La. Ann. 567; State v. Guidry, 27 La. *433 Ann. 206; State v. Toby, 31 La. Ann. 756; State v. Kane, 32 La. Ann. 999; State v. Fulford, 33 La. Ann. 679; State v. Washington, 40 La. Ann. 670, 4 South. 864.
The second, objection is that, on the trial of the motion for the continuance before the court, the state was permitted to introduce in evidence an indictment against the defendant based on the same facts (but of a more aggravated character), together with the sheriff’s return thereof of service upon the defendant of a copy of that indictment and of the jury list. The object of the offering was to show that when the information against defendant was filed he had already been served with a list of the venire which was to pass upon his case. The indictment referred to had been nolle prosequied, and the “information” on which accused was tried had been substituted in lieu thereof. The judge states that this evidence never came to the knowledge of the jury. , The precise facts connected with this matter are not shown by the bill. The jury which tried the case Was objected to in no particular.
The case of State v. Washington, 40 La. Ann. 670, 4 South. 864, is referred to in the brief for the state. We have no reason to believe that there was either error or injury.
The third complaint is that on the cross-examination of the prosecuting witness the court refused to allow the accused to show by her that the two h'ad lived together as man and wife, and that her relations with other men were improper, and that the two had separated. The object of the question was announced as being to show a motive may have existed in some one else to commit the crime imputed to the accused. In the per curiam attached to the bill the judge recites the evidence taken in the case, from which it would appear that the prosecuting witness was struck while asleep; that the party who struck her, while escaping, was seen and recognized as the defendant by the prosecuting witness herself, her daughter, and by a young negro not far from the house.
The judge states that before the cross-examination ended the accused succeeded in eliciting from the witness, without objection, the testimony which he was attempting to obtain; that besides this the accused neither suggested nor pointed out that any particular person was likely to have had a motive to commit the crime. The case of State v. Perry, 51 La. Ann. 1074, 25 South. 944, is referred to in connection with this bill as showing that testimony to furnish a basis for the possible existence of a motive in some person not named to have committed the crime, is too remote to warrant its rejection, being urged as reversible error.
The fourth complaint is that the court refused to allow a witness, who testified that the accused slept at her house the night of the commission of the crime and she had seen him while he was asleep, to say whether his appearance and manner would indicate he had just attempted to kill and murder a person. The court was of the opinion that the witness’ statement of the appearance of the accused under- the circumstances was irrelevant, and could not possibly assist the jury or benefit the accused.
The fifth complaint is that the court refused' to permit a witness on the stand, when testifying in regard to the prosecuting witness, to be asked the question: “What is her general reputation for chastity?” The object of the question was declared to be to affect the credibility of the prosecuting witness, and to show motive in some other person to commit the crime.
The court ruled out the question on the authority of State v. Hobgood, 46 La. Ann. 855, 15 South. 406, and stated that, besides, the prosecuting witness had, while on the stand, testified to her own want of chastity. *434 The court referred to the ruling it had made under the complaint urged in bill of exceptions No. 3.
The sixth complaint is the refusal of the court to allow the accused to question a witness on the stand as to the conduct of the prosecuting witness after separating from the accused in regard to chastity. The object of the question was to show a possible motive in some person other than the accused to commit the crime. The court based its refusal, as it had before, on State v. Perry, 51 La. Ann. 1074, 25 South. 944.
The seventh complaint is that the accused was not permitted to rebut the testimony of certain witnesses, who had testified to the fact that the accused had in conversations with them threatened to kill the prosecuting witness, by means of statements made by himself at that time to other parties to the effect that he was friendly with her; that he would not do her any harm, notwithstanding her bad treatment of him; that he actually spoke of her kindly. The court refused to allow the question, because such statements were hearsay and self-serving.
The eighth complaint was to the refusal of the court to ask the accused, then a witness on the stand, the question: “What led to the separation between you and the I prosecuting witness?”
The object of the question was declared to be to show the feelings existing between the prosecuting witness and the accused. The district attorney objected, on the ground that the accused could show the existence of animosity or ill feelings between the parties, but could not go into the details of brawls and quarrels. The court sustained the objection.
The ninth complaint is to the refusal of the court to grant a new trial on the ground assigned that the “verdict was contrary to the law and the evidence.”
We find no error in the rulings of the trial judge, nor is there anything to show that the verdict was not warranted by the law and the evidence. The judgment appealed from is affirmed.