OYERTON, J.
Defendant, on an indictment charging him with murder, was found guilty of manslaughter, and sentenced to the penitentiary for not less than 10 years nor more than 15. He has appealed to this court, and relies on several bills of exception for a reversal.
Bill of Exception No. 1.
This bill recites that, while defendant was on the stand as a witness in his own be-' half, he was asked by his counsel the following question: “What business have you been in during the time that you were in the city?” This question was objected to by the state, and the court sustained the objection. The question was asked for the purpose of showing the good character' of the witness. We find no error in the ruling. While the accused, in a murder case, may show his general reputation for peace and quiet in the community in which he resides, and when he is a witness for himself, and his credibility is attacked, may show his general reputation in that community for truth and veracity, yet he is not permitted to go beyond this and establish his character by proving particular acts, or by proving the business in which he is or has been engaged.
Bills No. 2 and No. 5.
These two bills may be considered together. Bill No. 2 recites that while defendant was on the witness stand in his own behalf he was asked; “Did any one take the vase from her?” The state objected to the question, and the court sustained the objection. Bill No. 5 recites that, while Arthur Pichón was testifying as a witness for the defense, he was asked the following question by counsel for defendant: “What prevented her 'from carrying out the threat?” An objection urged by the state to this question was sustained, and. then counsel asked the witness: “Who took the vase away from her?” An objection to this question was also sustained.
The above questions were intended to elicit information relative to a prior difficulty had between defendant and deceased. At the time they were propounded, defendant had adduced evidence to show that, at the time of the homicide, he was attacked by the deceased with a knife; that prior thereto the deceased had made threats (against his life, and in the prior difficulty above mentioned, had attacked him with a vase. We find no *337 error in the ruling of the court. The questions seek to elicit the details of a prior difficulty. Details of such difficulties are inadmissible. Max’r’s Criminal Jurisprudence (2d Ed.) p. 101; State v. Baudoin, 115 La. 837, 40 South. 239. It was immaterial, in this case, who took the vase away, or what occurred to px’event the deceased from executing her threat. The relevant fact was the attack.
Bill No. 3.
I-t appears that the state, before it rested in chief, adduced evidence for the purpose of showing that, immediately after the homicide, defendant fled to Hattiesburg, Miss., and registered there, at a hotel, under an assumed name. While defendant was on the witness stand, his counsel asked him this question: “After you arrived in Hattiesburg, what did you do?” The state objected to the question, and the objection was sustained. The defendant states in the bill of exception, delivered by him to the judge for signature, that he would have testified that, although he had registered under an assumed name, the next day he told his true name, sought and obtained work, and made no effort to conceal his identity or whereabouts. The court sustained the objection, for the reason that the question was too general, and showed no relevancy to any particular issue involved in the case, and the court states that counsel for the defendant did not question his client as to whether the latter had given his true name, after having registered under an assumed name, and that he, the judge, is unable to say what defendant’s evidence would have been. In our opinion, the question, on its face, does not show its relevancy. If counsel desired to show by this witness that his client had afterwards given his true name, or, assuming that he had a right to do so, that his client had sought and obtained work, or that he had made no’ effort to conceal his identity or whereabouts, counsel should have propounded questions appropriate to that end.
Bill No. 4.
While the son of the accused was on the witness stand, the following question was propounded to him: “How long did Capt. Segura live there?” An objection to this question,' urged by the state, was sustained on the ground of irrelevancy. Defendant states that the purpose of the question was to account for not placing Segura on the stand by showing that he had died since the homicide. Segura, at the time of the attack with the vase, was living in the same house with defendant and the deceased. If defendant wished to elicit the fact that Segura was dead, he should have asked the appropriate question, or at least should have advised the court at the time of the purpose of the question. As he apparently did not, we find no error in the ruling. We may add, though we do not do so as a reason for sustaining the ruling of the court, that defendant showed the above fact by another witness, and the fact, thus shown, was not brought into question by the state.
There is also in the record a bill of exception to the overruling of a motion for a new trial. This motion is based on the ground that the verdict of the jury is contrary to the law and the evidence. It is well established that the overruling of a motion for a new trial, when the motion is based on the above ground, is not reviewable on appeal. The bill to the overruling of the motion is not urged in defendant’s brief.
In conclusion, we feel that we should say that, in oúr examination of the record, we have observed that the assistant district attorney frequently objected to questions without stating the grounds for objecting. We are unable to approve of this practice, and hence refer to it of our owix motion. If a party, objecting to a question propounded, *340 ' should fail to state the reasons for so doing, the court should require him so to do.
For the reasons assigned, the judgment appealed from is affirmed.
O’NIELL, C. J., is of the opinion that the rulings on hills No. 1 and No. 3 are too strict,