(131 So. 667)

**STATE v. McKINNEY.**

No. 30951.

Dec. 1, 1930.

J. W. Elder, of Ruston, and T. C. Bergeron, of Plaquemine, for appellant.

Percy Saint, Atty. Gen., Wm. J. Hammon, Dist. Atty., of Jonesboro, and Edward R. Schowalter, Asst. to Atty. Gen., for the State.

LAND, J.

Defendant is charged with manslaughter. She was tried by jury and convicted, and was sentenced to the penitentiary for a term of not less than four years nor more than six years, and to pay a fine of $1.

Defendant has appealed and relies upon two bills of exceptions.

Bill No. 1.

After the state had announced ready for trial, defendant stated that she was not ready and asked for a continuance, for the reason that she had not been served with a copy of the indictment returned against her, and with a list of the petit jury, as required by section 992 of the Revised Statutes of the State.

Defendant prayed for a continuance of the case until such time as section 992 shall have been complied with by the state.

The district attorney admitted that the defendant had not been served at any time with a copy of the indictment or of the petit jury list, and contended that such service was not necessary since the adoption in this state of the Code of Criminal Procedure.

The position taken by the district attorney was sustained by the trial judge, who states that the crime for which defendant was tried was committed since the enactment of the Code, and that he overruled the motion for a continuance for the reason that "the code was intended to, and does, embody all of the law required in criminal procedure in this state, and takes the place of all the law governing criminal procedure at the time of its enactment, and repeals the same by implication."

Section 992 of the Revised Statutes of 1870 provides that: "Every person who shall be indicted for any capital crime, or any crime punishable with imprisonment at hard labor

for seven years or upwards, shall have a copy of the indictment and the list of the jury which are to pass on his trial, delivered to him at least two entire days before the trial."

The object of the statute requiring service of jury list is to enable accused to inquire into the character of the jurors by whom he is to be tried, ànd to prepare his challenges. A defendant is entitled also to the service of a true copy of the indictment. These requirements are sacramental, and not merely directory, and failure to grant continuance in order to have same complied with is reversible error, if objection is timely made. State v. Finn, 43 La. Ann. 895, 9 So. 498; State v. Guidry, 27 La. Ann. 206; State v. Baudoin, 115 La. 838, 40 So. 239; State v. Fulford, 33 La. Ann. 679; State v. Kane, 32 La. Ann. 999.

This was the law before the adoption of the Code of Criminal Procedure, and remains the law, if the contention of the trial judge in this case is not well taken.

By Act No. 262 of 1926 an amendment was proposed to the Constitution of 1921 as follows:

"1—a. It shall be the duty of·the Governor to appoint a commission to prepare a draft of a Code of Criminal Procedure for this State. The draft of such code, when prepared, shall be promptly printed. The Governor shall submit to the Legislature of Louisiana, at its session in the year 1928, said draft, together with the report of the Commission, and with a message from himself in which he shall embody and condense each suggestion he shall deem of use. And the Legislature of Louisiana shall have power to adopt said Code, with such amendments as they may deem advisable, by vote in each house, without complying with the formalities of reading and the other formalities required by the Constitution in the passage of statutes. No promulgation of said Code shall be re-

quired beyond its publication in book form after same shall have become a law."

Act No. 262 of 1926, as a proposed amendment, was adopted, and a Code of Criminal Procedure for the state of Louisiana, pursuant to said act, was enacted by Act No. 2 of the Legislature of 1928. The repealing clause of Act No. 2 of 1928 declares that: "All laws or parts of laws contrary to or in conflict with the provisions of this Code are hereby repealed," etc.. Article 582, p. 124.

■ We find nothing in the provisions of Act No. 262 of 1926, nor in those of Act No. 2 of 1928, to indicate any constitutional or legislative intent that the Code of Criminal Procedure should supersede all prior laws governing criminal proceedings in this state. Per contra, it is made clear by the provision of the repealing clause of Act No. 2 of 1928, enacting the Code, that no law was to be repealed unless it was "contrary to or in conflict with the provisions of this Code."

■ There is no provision contained in the Code of Criminal Procedure that is "contrary to or in conflict with" the requirements of section 992 of the Revised Statutes of 1870 as to service of copy of indictment and of jury list upon an accused person, at least two days before trial.

The mere omission of this section from the Code does not make it "contrary to or in conflict with the provisions of this Code," and, in the face of such plain and positive language in the Code itself as to repeal of prior laws, it is manifest that the doctrine of repeal by implication cannot be invoked in the instant case.

The Code of Criminal Procedure is not declared by Act No. 262 of 1926, nor by Act No. 2 of 1928, to be a revision of the statutes of the state upon the subject of criminal proceedings. It does not follow, therefore, that

the Legislature intended the Code as a revision to take the place of the law as previously formulated.

It is true that a subsequent statute revising the subject-matter of a former one, and evidently intended as a substitute for it, although it contains no express words to that effect, must operate to repeal the former. State v. Judge, 37 La. Ann. 578; District of Columbia v. Hutton, 143 U. S. 18, 12 S. Ct. 369, 36 L. Ed. 60.

The above decisions, cited by the state, have no application to the case at bar.

 Defendant was entitled to service of the indictment and jury list as provided in section 992 of the Revised Statutes, and a continuance should have been granted by the judge a quo for this purpose.

#### Bill No. 2.

This bill was reserved to the overruling of a motion for a new trial, based upon the same grounds as those contained in bill No. 1, and upon the further ground that the verdict was contrary to the law and the evidence.

The new trial should have been granted upon the first ground assigned.

It is therefore ordered that the conviction and sentence appealed from be annulled and reversed, and that the case be remanded to the lower court for a new trial in accordance with the views herein expressed.