ROGERS, J.
 

 Defendant appeals from a conviction of burglary. The conviction must be set aside on the authority of State v. McKinney, 171 La. 549, 131 So. 667.
 

 When defendant was called for trial, he objected on the ground that he had not been served with a copy of the indictment and a list of the petit jury as required by Rev. Stat. § 992. This was admitted by counsel for the state. The objection was overruled by the trial judge on the specific ground that section 992 of the Revised Statutes had been superseded by the Criminal Code, in which no provision was made for the service of the indictment and venire on any person charged with a criminal offense.
 

 Mr. St. Clair Adams, chairman of the commission which drafted the Code of Criminal Procedure, states in the preface to his annotated edition of the Code:
 

 “As a Code of Criminal Procedure, it does not embody all of the rules of pleading, practice and procedure that are applicable to the trial of criminal cases. Many of these rules are not embraced in the Code and will be found in the Revised Statutes, in the Acts of
 
 *52
 
 the Legislature, in the common law and in the jurisprudence of the State.”
 

 This statement of Mr. Adams is in accord with the ruling of this court in State v. McKinney, supra. In that case we expressly held that the Oriminal Code does not supersede all prior laws governing criminal proceedings ; and, in particular, does not repeal by implication section 992 of the Revised Statutes, requiring delivery of a copy of the indictment and of the jury list in the case of any capital crime, or any crime punishable with imprisonment at hard labor for seven years or upwards; that forcing a defendant to trial over his objection without serving him with the indictment and jury list to .which he is entitled under Rev. Stat. § 992, constitutes reversible error.
 

 For the reasons assigned, the conviction and sentence herein appealed from are annulled, and this case is remanded to the district court for a new trial in accordance with the views herein expressed.