The conviction and sentence of each of the defendants, Morgan and Neyland, are affirmed.

144 So. 435

**STATE v. JACOBS et al.**

No. 31880.

Oct. 31, 1932.

John H. Lewis and Hawkins & Pickrel, all of Lake Charles, for appellants.

Gaston L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., and John J. Robira, Dist. Atty., and Sam H. Jones Asst. Dist. Atty., both of Lake Charles (James O'Niell, Sp. Asst. to Atty. Gen., of counsel), for the State.

OVERTON, J.

The defendants were charged with keeping a banking house and banking game in violation of Act No. 12 of 1870. Defendant Jacobs, whose appeal this is, pleaded not guilty to the charge, with reservation of the right to withdraw the plea. Thereafter he filed a motion to quash the bill of information. After the overruling of the motion to

quash, Jacobs pleaded guilty. He then filed a motion in arrest of judgment, based upon the same ground as was the motion to quash, namely, that Act No. 12 of 1870, under which the bill of information was filed, was repealed by articles 341, 582, and 583 of the Code of Criminal Procedure. The motion in arrest was overruled, and Jacobs was sentenced to pay a fine of $1,000 or to serve six months in jail, and the court ordered that the money seized be delivered to the parish and that the paraphernalia taken be destroyed.

The reasons for urging that the act of 1870 is repealed by the cited articles of the Code are, first, because the act of 1870 expressly makes the violation of its provisions a misdemeanor, and provides merely a fine for its violation, instead of a fine or imprisonment in the parish jail or both, whereas this designation of the offense, and the penalty prescribed, conflicts with article 341 of the Code of Criminal Procedure, later adopted, which defines a misdemeanor to be "An offense, the punishment of which is necessarily a fine or imprisonment in the parish jail or both"; and, secondly, because the Code of Criminal Procedure repealed, by not having incorporated in it, section 980 of the Revised Statutes, which provides that one who is adjudged to pay a fine shall, in default of payment or recovery thereof, be sentenced to imprisonment for a period not exceeding one year, and hence, as that section no longer exists, resort cannot be had to it to supply the imprisonment in the parish jail, necessary to make the offense a misdemeanor.

The penalty imposed by the act of 1870, section 2, for the first offense, is a fine of not less than $1,000 nor more than $5,000, and, for a second offense, a fine of not less than $5,000 nor more than $10,000, and imprisonment at hard labor for not less than one nor more than five years. In section 4 of the act it is provided that all money or representative of money and the paraphernalia used in conducting the banking game or house shall be forfeited for the use of the parish, as a consequence of conviction. Section 6 of the act declares the offense denounced to be "a crime and misdemeanor."

Jacobs was prosecuted for a first offense, and hence the penalty prescribed for a second offense has nothing to do with this case.

The fact that the act of 1870 provides, as a consequence of conviction, for a forfeiture of the money and paraphernalia used in conducting the banking game or house, is not, in this jurisdiction, a factor in determining the grade of the offense, nor is it so urged. The fact that the act of 1870 does not provide for imprisonment for the first offense, as a concurrent or alternate penalty, or as a penalty to secure the payment of a fine imposed, does not render the offense created by the act, even under article 341 of the Code of Criminal Procedure, defining a misdemeanor, any more or less than a misdemeanor. In fact, under the clear language of the article, a legislative act that prescribes only a fine for its violation is a misdemeanor, as appears from the use of the disjunctive "or" in the definition, declaring a misdemeanor to be "an offense, the punishment of which is necessarily a fine or imprisonment in the parish jail or both." This definition of a misdemeanor follows the definition of that grade of offense as announced in jurisprudence rendered prior to the adop-

tion of the Code of Criminal Procedure. See State v. Williams, 114 La. 940, 38 So. 686. Hence the codal definition does not make a change in the law.

The Legislature contemplated, in adopting the act of 1870, that reference should be had to section 980 of the Revised Statutes for authority to impose a sentence of imprisonment in the parish jail to enforce payment of the fine. This section provides that "Every person being adjudged to pay a fine, shall, in default of payment or recovery thereof, be sentenced to be imprisoned for a period not exceeding one year." This section was not repealed, as urged by Jacobs, by articles 582 and 583 of the Code of Criminal Procedure, repealing all laws or parts of laws, with certain exceptions, not pertinent here, contrary to or in conflict with the Code. It is true, as urged by Jacobs, that section 980 of the Revised Statutes was not incorporated in the Code of Criminal Procedure, but it is not true, as urged by him, that the section was thereby repealed. It had no place in the Code. The section announces substantive law. The Code was designed to contain merely procedural law, and such is its declared object, as appears from its title. The section therefore may not be said to have been repealed by its omission from the Code, for it relates to a different branch of the law. Moreover, since the Code repeals only such laws as are contrary to or in conflict with it, it follows that the Code does not purport to cover the entire scope of even procedural law, and therefore such provisions of that law, not in conflict with the Code, are not repealed. State v. McKinney, 171 La. 549, 131 So. 667.

We find no foundation whatever upon which to rest a judgment sustaining the motion in arrest, or to grant Jacobs other relief.

The judgment is affirmed.

O'NIELL, C. J., concurs in the decree, but remains of the opinion that section 980, R. S., applies only where no penalty of imprisonment can be imposed under the statute that is violated. See State v. Hebert, 158 La. 229, 103 So. 742.