RATLIFF *vs.* HIS CREDITORS.

APPEAL FROM THE COURT OF THE THIRD DISTRICT FOR THE PARISH OF EAST FELICIANA, JUDGE JONES, OF THE EIGHTH DISTRICT, PRESIDING.

It must appear from evidence before this court, that the appellee resides out of the state, at the time of service of citation made on his attorney, or it will be insufficient.

The appeal having been once granted, the judge *a quo* has no longer any control, and cannot make any order respecting a citation or the mode of serving it.

An appeal is not to be dismissed, according to the provisions of the act of March 20, 1839, if the irregularity of the citation, or service thereof, is not imputable to the fault of the appellant: otherwise, if it is.

In this case there was judgment overruling the opposition of the representatives of N. Cox, deceased, to the tableau of distribution filed by the syndic, in which a preference was set up over the claims of Rhodes & Peters, Palmer & Southmayd, and other creditors. The opponents appealed, and made these two firms and the syndic, appellees.

Citations and petition of appeal were regularly served on Palmer & Southmayd, and on the syndic. But in relation to Rhodes & Peters, the sheriff of New-Orleans, to whom process had been sent, returned, "that they could not be found in his bailiwick."

The counsel for the appellant applied by petition to the judge *a quo*, alleging, the sheriff returned that Rhodes & Peters were not residents of the state, and had no agent therein; and prayed for a new citation of appeal to be served on their attorney at law, which was granted.

*Andrews*, the attorney, moved to dismiss the appeal, and stated, he was not the attorney of Rhodes & Peters, at the time of service of the citation, and that one member of said firm was dead, and the other resided in New-Orleans.

*Muse*, syndic of the creditors, &c., also filed grounds for the dismissal of the appeal.

*Lobdell*, for the appellants.

*Martin, J.,* delivered the opinion of the court.

The dismissal of the appeal is prayed for on account of irregularity in the service of citation, which was made on the attorney of the appellees, Rhodes & Peters. The sheriff having returned on the first citation, that the appellees were not found in his parish, the appellant obtained the judge's order for an *alias* citation to be served on the attorney, which was accordingly done.

It is urged, that one of these appellees, at the time of the service made on the attorney, resided in the city of New-Orleans, the sheriff of which made the return of "not found," and that the other one was dead.

The Code of Practice, article 582, requires service of citation of appeal to be made on the appellee, "if he resides within the state, or on his advocate if he do not." There is on evidence before us that the appellees resided *out* of the state at the time of the service. They are stated in the proceedings, as residing in the city of New-Orleans. The return of the sheriff, on the first citation, does not state that they had ceased to reside there. It states only that they were not to be found. There was no necessity for a personal service, and the citation might have been left at the place of their usual domicil, which does not appear to have been changed.

It must appear, from evidence before this court, that the appellee resides out of the state, at the time of service of citation made on his attorney, or it will be insufficient.

The appeal having been granted, the district judge had the case no longer under his control, and could give no order as to the mode of serving the citation.

The appeal having been once granted, the judge *a quo* has no longer any control, and cannot make any order respecting a citation, or the mode of serving it.

Under a law passed at the last session of the legislature, approved March 20th, 1839, an appeal is not to be dismissed on account of any irregularity in the citation or service thereof, whenever such irregularity is not to be imputed to the appellant. In this case, it is clearly imputable to the counsel of the appellant, whose act is that of the client.

An appeal is not to be dismissed according to the provisions of the act of March 20th, 1839, if the irregularity of the citation, or service thereof, is not imputable to the fault of the appellant: otherwise, if it is.

It does not appear to us that we are authorized to give any relief. The appeal must, therefore, be dismissed, with costs.