## No. 4437.

### CITY OF BALTIMORE *v.* HENRY PARLANGE.

Where the incompleteness of the record is due to a fault attributable to the clerk and not to the appellant, the appeal will not be dismissed on that ground.

It is useless to issue a *certiorari*, where the appellant has filed a certified copy of the missing document, so that the case can be examined.

In executing the process of court the sheriff had no right to incur costs for advertising in other papers than the official journal.

To complete the seizure in this case, the sheriff of the parish of Orleans was not bound to take corporeal possession of the property and appoint a keeper. The seizure was completed by registering the notice.

The charge for appraisers' fee was properly rejected, because prohibited by article 671, C. P.

The item of costs for plan and survey was also unauthorized.

The charges for city and State taxes on the property were correctly made. It was the duty of the sheriff to pay them out of the proceeds of the property sold.

Where it was conceded that there was due to a builder, on his duly registered contract, a certain balance, after deducting partial payments previously made;

Held—That for this amount of his judgment, the builder's privilege had effect as against the plaintiff and other mortgage creditors of the defendant in execution.

The attorney's fees and damages stipulated in the contract with the builder create no privilege.

Where there was a clause in the contract allowing the builder further compensation for extra work done under any alteration of the specifications that might be ordered, and there was no fixed sum or estimate for such extra work;

Held—That the registry of the contract gave effect to no privilege to secure this indefinite amount.

Where the plaintiff in execution contended that the builder's privilege was lost by the sale of the property in mass;

Held—That said plaintiff, who proceeded with the sale in block, notwithstanding the third opponent's application for a separate appraisement, ought not to be heard setting up such a defense. He ought not to benefit by his own wrong.

The third opponent, having claimed part of the proceeds, has no right to demand that the sale be treated as an absolute nullity. Besides, it could only be set aside in a direct action.

The second mortgage creditor has no act on against the prior mortgage creditor for the balance remaining in the sheriff's hands or the hands of the purchaser, and the plaintiff, who gets his judgment paid has no right to object to the payment of the second mortgage.

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont, J. E. Bermudez,* for Charles Turpin, intervenor and appellee. *Roselius & Philips,* for sheriff, appellant. *Hornor & Benedict* and *E. C. Kelly,* for George Mertz, intervenor and appellant. *Semmes & Mott,* for plaintiff and appellant.

WYLY, J. The motion to dismiss this appeal on the ground that

the record is incomplete, is denied; because the fault was attributable to the clerk, and not to the appellants. It is useless to issue a ·certiorari, because the appellants have filed a certified copy of the missing document; so the case can now be examined. This is a controversy between the mortgage and privilege creditors of the defendant, for the proceeds of the sale of the "Orleans Ball Room" and other property, situated on Orleans and St. Ann streets, belonging to the ·defendant.

While the property was under seizure under the foreclosure of plaintiff's special mortgage and vendor's privilege, Samuel Johnson, a builder, filed a third opposition, setting up his lien for the sum due him for rebuilding the house, which had been burned. The claim was subsequently transferred to George Mertz, who took a rule to compel the sheriff to cause the buildings and lots seized to be appraised separately, "and to retain in his hands the amount of the sale of said buildings until the final decision of the intervention."

The court refused to make the rule absolute, and on appeal, this court, in May, 1871, reversed the decision, and ordered the separate appraisement to be made. Pending that appeal, however, to wit, on ·seventh February, 1870, the property was sold in block for $22,005, to John H. O'Connor, and the funds have not yet been distributed.

In answer to the third opposition, the plaintiff denied generally the allegations thereof, and specially that said Mertz, or Johnson, his ·assignor, had or has any privilege on the property under seizure, and ·avers that if any privilege ever existed in favor of said Johnson or Mertz, it was only for the amount of the recorded contract, which has been extinguished by payments made from time to time by the obligee in said contract, or by some one in his behalf; and that said intervenor ·or third opponent has no privilege upon said property or the proceeds thereof, as against the plaintiff.

Charles Turpin, a judicial mortgage creditor, claiming to be next in rank to the plaintiff, the city of Baltimore, took a rule to compel the sheriff to apply the proceeds of the sale, exceeding the amount of plaintiff's judgment, to the payment of his claim.

He alleges, that after the payment of plaintiff, the seizing creditor, there will remain at least $6000, to be applied to his judgment. He alleges that the sale was made by Maxwell, sheriff, and among the charges made against the proceeds, figure a number of items not due, to wit: State and city taxes, appraiser's fees, unauthorized advertisements, and other charges, specified in the rules, aggregating about $5000.

The court rejected the claim of the third opponent, Mertz; disallowed the charges opposed in the sheriff's account, reducing it to $1424 90; and ordered the funds to be distributed as follows:

City of Baltimore v. Parlange.

*First*—To the payment in full of plaintiff's judgment, amounting to $15,640 98.

*Second*—The balance to be applied to Turpin's judgment.

The court fixed this balance at $4940 02, and gave judgment therefor against Maxwell, sheriff, and also against the plaintiff, the city of Baltimore.

From this judgment, Maxwell, the city of Baltimore and Mertz have appealed.

We think the court did not err in rejecting some of the charges set up by the sheriff. The cost for advertising in papers other than the official journal was an expense that the sheriff had no right to incur in executing the process of the court. The item of $608 for keeper's fee was properly disallowed; to complete the seizure the sheriff of the parish of Orleans was not bound to take corporeal possession of the property and appoint a keeper; the seizure was completed by registering the notice. Revised Statutes of 1870, sections 3625, 3626, 362. The charge for appraiser's fee was properly rejected, because it is prohibited by article 671 C. P. The item of seventy-five dollars for plan and survey was also unauthorized. The charges, however, for city and State taxes on the property, the court erred in rejecting. It was the duty of the sheriff to pay them out of the proceeds of the property sold. Revised Statutes of 1870, section 3620. The amount of these taxes should be added to the total amount of the charges allowed by the judge *a quo*, to wit: $1424 90. We think the court erred in refusing to allow the third opponent Mertz a privilege for any part of his claim.

It is conceded that there is due to the builder on the contract registered, after deducting all payments, $1573 80. For this amount of his judgment the builder's privilege has effect as against the plaintiff and Turpin, mortgage creditors of the defendant in execution. The attorney's fees and damages stipulated in the contract with the builder create no privilege. The consideration in the builder's contract was fixed at $16,250, which has all been paid as aforesaid except $1573 80. There was a clause in the contract allowing further compensation for extra work done under any alteration of the specifications that might be ordered; but there was no fixed sum or estimate for such extra work. Consequently the registry of the contract gave effect to no privilege to secure this indefinite amount.

But the plaintiff contends that the builder's privilege, amounting to $1573 80, as aforesaid, was lost by the sale of the property in mass. The plaintiff, who proceeded with the sale in block, notwithstanding the third opponent's application for a separate appraisement, ought not to be heard setting up such a defense. The opponent did all that he could to prevent it. When his rule was denied by the lower court

22

he took a suspensive appeal, and this court reversed the decree and made the rule absolute requiring a separate appraisement.

The plaintiff ought not to benefit by his own wrong. We think, therefore, that the judgment rejecting Mertz's claim is erroneous, and that he should have judgment for $1573 80, to be paid out of the proceeds of the sale. Having claimed part of the proceeds, Mertz has no right to demand that the sale be treated as an absolute nullity; besides, it could only be set aside in a direct action.

We think the court did not err in requiring the whole of plaintiff's claim to be paid, as there are ample funds after paying the privilege in favor of Mertz. But we think the court erred in entering judgment in favor of Charles Turpin against the plaintiff, the city of Baltimore. The second mortgage creditor has no action against the prior mortgage creditor for the balance remaining in the sheriff's hands or the hands of the purchaser. We think Charles Turpin, the second mortgage creditor, is entitled to the balance, if any, after paying the sheriff's charges, and after paying Mertz's privilege of $1573 80 and plaintiff's judgment of $15,640 98; and that the plaintiff, who gets his judgment paid, has no right to object to the judgment of Turpin, who holds the second mortgage.

It is therefore ordered that the judgment, so far as it fixes the sheriff's charges at $1424 90, be amended by adding thereto the total amount of taxes charged in his account, and in all other respects that said judgment be annulled; and it is now ordered that out of the proceeds the third opponent be paid the amount of his privilege claim, to wit: $1573 80; that plaintiff be paid in full, to wit: $15,640 98, and that the balance, if any, be applied to the judgment of Charles Turpin. It is further ordered that Charles Turpin pay costs of this appeal.

Rehearing refused.