## No. 6147.

### STATE OF LOUISIANA VS. DAVID WILLIAMS.

There can be no doubt that the judge *a quo* had the right to cause the minutes and records of his court at the time specified to be corrected so as to conform to the truth. The fact in this instance is one within the knowledge of the court below, and this court has recognized and announced the right and duty of a judge to have the minutes of his court, in criminal as well as civil matters, corrected *nunc pro tunc*.

APPEAL from the Thirteenth Judicial District Court, parish of Concordia. *Hough*, J.  J. E. Leonard, District Attorney.  A. P. Field, Attorney General, for plaintiff and appellee.  G. Spencer Mayo, for defendant and appellant.

HOWELL, J. The defendant was charged with setting fire to the jail, was "found guilty, as charged in the indictment," and after being sentenced he appealed.

The first question presented is: "Had the judge who presided at the trial the right, after motion filed in arrest of judgment—the grounds set forth in the motion being that the records or minutes of the court did not show either that the information upon which the prosecution was based had been filed with the consent of the court, or that it had been filed at all (it being true that the minutes made no mention of either)—and after the jury had been discharged to cause the record to be amended so as to supply, in the manner indicated, what otherwise would be fatal and what the accused points out would be fatal."

There can be no doubt that the judge had the right to cause the minutes and records of his court at the time specified to be corrected so as to conform to the truth. In State vs. Gates, 9 An. 94, it was said : "It would have been within the province of the court in the *exercise of an inherent power*, to have directed, upon proper suggestion, that the minutes be so corrected as to conform to facts which really existed ; for it is well settled that whenever errors or omissions in ministerial acts in criminal proceedings are satisfactorily shown they may be amended at any time ; and it has been held that it is no objection to the amendment that it was intended to supply an omission which occurred when a different judge presided ; and the court referred to 1 ch. C. L. 335, 336 ; 1

State vs. Williams.

Sand. 249, vol 1 ; 4 East. 175 ; 2 An. 274. In Bishop on Criminal Procedure, §909, it is said : " The court in determining whether a record or a docket entry requires amendment in order to represent the fact is not bound by the ordinary rules of evidence. It may resort to any proof which is satisfactory." We think the fact in this instance one within the knowledge of the court, and we have ourselves recognized and announced the right and duty of a judge to have the minutes of his court, in criminal as well as civil matters, corrected *nunc pro tunc*.

The other question, not being one purely of law, is not within our jurisdiction.

Judgment affirmed.