Borde vs. Mrs. William Erskine.

No. 6675.

JOACHIM BORDE VS. MRS. WILLIAM ERSKINE ET AL.

When an additional party is made to an appeal after the execution of the appeal bond in favor of the clerk, a new bond is not necessary.

On such a bond all parties to the appeal, no matter at what stage of the proceedings they may have become parties, have their recourse.

Citation of appeal should be served on a resident party in person, or at his domicile, not on his attorney. But if an improper citation has been made by the sheriff, not shown to have been caused by the fault of the appellant, it will not justify the dismissal of the appeal.

The filing of properly certified copies of missing parts of a transcript, absent by fault of the clerk of the lower court, will be allowed, although it is not the method prescribed for perfecting an incomplete record.

APPEAL from the Second Judicial District Court, parish of Plaquemines. *Pardee*, J.

*E. Bermudez*, for plaintiff in rule.

*H. L. Lazarus*, for defendant in rule.

*E. H. McCaleb*, for defendants.

*Sambola & Ducros*, for Mrs. Fernandez, appellant.

ON MOTION TO DISMISS.

The opinion of the court was delivered by

MANNING, C. J. The plaintiff instituted a suit for the partition of a plantation owned by him in common with the defendants, in which there was rendered a judgment for a partition by licitation. There was a sale, and Mrs. Carmen Fernandez was the purchaser. In March, 1877, Boarde, the plaintiff, alleging that the property was incumbered with certain mortgages which he describes, and that Mrs. Fernandez was the adjudicatee, and that their erasure is necessary to give her a clear title, took a rule to shew cause why they should not be erased. The rule was served on all the joint owners, and upon the under tutor to two minors who were defendants, whose mother and tutrix was a co-defendant, and also upon the mortgagees, except one. On trial, the rule was discharged, and Boarde appealed. He furnished no bond, and abandoned the appeal.

In April the purchaser prayed an appeal by petition, making all the mortgagees and owners parties, except Boarde, which was granted upon a bond of two hundred and fifty dollars, which was duly executed with surety. Subsequently, upon discovering that Boarde had been omitted, she filed a supplemental petition supplying the omission, and there was an order making him a party, and he was cited. No additional bond was given.

The motion to dismiss is based on several grounds. One of them is that the failure to execute a new and additional bond vitiates the appeal

as to Boarde, who is a necessary party. This is untenable. The bond is in favor of the clerk, and all parties to the appeal can recover on it. And besides if Boarde himself does not complain of the want of an additional bond, it is not for the appellants to complain for him. The circumstance that Boarde's name was not included in the original petition for appeal would have been fatal, had the defect not been cured by the supplemental petition and citation upon it. We are referred to several decisions to the effect that those only are parties to the appeal whose names are in the bond. All of them are under the old law which required the insertion in the appeal bond of all the parties, a provision which sometimes was so incapable of sure fulfillment that the legislature tardily, but effectually, removed the difficulty by substituting the name of the clerk, and authorizing the parties to avail themselves of it.

Another ground for dismissal is the want of proper citation to the under tutor. He was a party to the partition suit, and was regularly cited therein. The citation of appeal was served on his attorney, which is the proper mode of service on a non-resident. Code of Practice, art. 582. But he is a resident of the State, and was at that time, if the sheriff's return be correct, absent. The service should have been at his domicile. Ratliff vs. Creditors, 14 La. 292. Under the act of 1839, an appeal will not be dismissed on the ground of irregularity in the service of citation, if it is not imputable to the appellant. We think that statute protects the appellant in this case. She alleged in her petition of appeal that the under tutor was a resident of Orleans, and prayed for his citation. The sheriff should have known how to cite him. There is nothing before us to shew that the appellant, or even her attorney, misdirected the sheriff, and by her own fault caused an improper service to be made.

Another objection is urged that the record is incomplete, and the appellant has attempted to supply its deficiencies by filing along with it a copy of a missing paper. The clerk also makes a supplemental certificate as to some omitted words in the transcript. These omissions are attributable to the clerk, and should not prejudice the appellant. The proper and regular mode of perfecting the transcript is by a writ of certiorari, but as was said in Baltimore v. Parlange, it is useless to order the writ when certified copies of the missing documents have been filed. 25 Annual, 335.

The facility for dismissing appeals that formerly existed, and of which parties constantly availed themselves to the great detriment of substantial justice, has been restricted by the wise substitution of an officer to the names of the litigants in the appeal bond, so that an appeal by motion can rarely be dismissed for technical objections. It would be

an equally wise amendment of the law, if the process of taking and serving an appeal by petition were simplified by some equally effectual means.

The motion to dismiss is denied, and the case is continued with leave to the appellant to have the under tutor properly cited.