(62 South. 161.)

No. 19,782.

STATE v. HART.

(May 12, 1913.)

*(Syllabus by Editorial Staff.)*

1. STATUTES (§ 236*) — CONSTRUCTION — REMEDIAL LEGISLATION.

A statute which is remedial in its nature should receive an interpretation which will enable it to accomplish the purposes of its enactment.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 317, 324, 325; Dec. Dig. § 236.*]

2. DISTRICT AND PROSECUTING ATTORNEYS (§ 3*)—APPOINTMENT OF DEPUTIES—DURATION OF APPOINTMENT.

Under Act No. 74 of 1886, providing that district judges may appoint an attorney to represent the state in criminal matters pending before their courts when from any cause the district attorney is necessarily absent, a district attorney pro tem., in view of the fact that this is a remedial statute requiring a liberal construction, may be appointed to hold over for more than one term, and to attend the deliberations of the grand jury in its inquisitorial functions in originating prosecutions.

[Ed. Note.—For other cases, see District and Prosecuting Attorneys, Cent. Dig. §§ 10–17; Dec. Dig. § 3.*]

3. COURTS (§ 116*) — MINUTES — NUNC PRO TUNC ORDERS—CORRECTION.

Minutes of the court may at any time be corrected so as to supply an omission if the facts are within the personal knowledge of the judge, and such minutes may be corrected so as to show the appointment of a district attorney pro tem. before the beginning of a prosecution.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 369, 371–373; Dec. Dig. § 116.*]

4. DISTRICT AND PROSECUTING ATTORNEYS (§ 3*)—DEPUTIES—LENGTH OF APPOINTMENT.

Where a district attorney pro tem. is appointed under Act No. 74 of 1886, during the absence of the regular district attorney, the return of the regular district attorney vacates the appointment.

[Ed. Note.—For other cases, see District and Prosecuting Attorneys, Cent. Dig. §§ 10–17; Dec. Dig. § 3.*]

5. CRIMINAL LAW (§ 972*)—MOTIONS IN ARREST—MATTERS OF RECORD.

On motion in arrest of judgment, nothing can be considered except what appears of record, and the question whether the appointment of a district attorney pro tem. was vacated by the return of the regular attorney cannot be raised on appeal from a denial of a motion in arrest; the matter obviously not being of record.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2423; Dec. Dig. § 972.*]

6. CRIMINAL LAW (§ 1090*)—BILL OF EXCEPTIONS—NECESSITY.

Where no bill of exceptions was reserved to a motion to quash an indictment on the ground that it was not signed by the regular district attorney, but by the district attorney pro tem., and that the regular attorney had returned, the impropriety of overruling the motion cannot be determined on appeal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2653, 2789, 2803–2822, 2825–2827, 2927, 2928, 2948, 3204; Dec. Dig. § 1090.*]

Appeal from Twenty-Sixth Judicial District Court, Parish of Washington; J. B. Lancaster, Judge.

Lela Hart was convicted of manslaughter, and she appeals. Affirmed.

Gordon W. Goodbee, of Franklinton, and M. I. Varnado, of Crowley, for appellant. R. G. Pleasant, Atty. Gen., and J. Vol Brock, Dist. Atty., of Franklinton (G. A. Gondran, of Donaldsonville, of counsel), for the State.

PROVOSTY, J. The accused was tried for murder, convicted of manslaughter, and sentenced to 15 years at hard labor.

She moved to quash, on the ground that the indictment was not signed by the district attorney, but by Adrian Schwartz, district attorney pro tem., who for reasons stated in the motion is said to have been without quality in the premises, and, later, moved in arrest of judgment on this same ground. She did not reserve a bill of exception to the overruling of the motion to quash, but did to the overruling of the motion in arrest.

[1, 2] Nothing can be considered on a motion in arrest of judgment except what appears on the face of the record. The record shows that Adrian Schwartz was appointed district attorney pro tem. to serve during the absence of the district attorney; that the appointment was made at the June term, 1912; that he duly qualified as such at that time by taking oath; that a criminal term of court was held in July; and that the indictment was found at the October term, 1912. Hence the question arises whether such an appointment of district attorney pro tem. can be thus made for an indefinite time, or to continue from one term over to another, so long as the district attorney continues absent, or can be made only for the term of court from which the district attorney is absent. The statute (Act 74, p. 113, of 1886) merely provides that:

"District judges * * * are authorized to appoint an attorney to represent the state in criminal and civil matters pending before their courts, when, from any cause, the district attorney is recused, necessarily absent or sick."

No limit is placed upon the time for which the appointment may be made; its duration therefore, would seem to have to depend upon the duration of the absence that has rendered it necessary.

The words of the statute are that the appointment may be made in "matters pending." We have considered whether the intention was that the matters should have to be already "pending" before an appointment could be made. If so, it would not be possible to appoint a district attorney pro tem. to assist the grand jury in its inquisitorial functions, and in originating prosecutions. The statute is remedial, and therefore should receive such an interpretation as will enable it to accomplish the purpose of its enactment (36 Cyc. 1174); and that purpose was to make provision for some officer to act whenever and wherever the district attorney cannot act for any one of the reasons mentioned. We conclude that the proper interpretation to be placed upon this statute is that the appointment may be made to be coeval with the absence of the district attorney, and to cover all matters which it would be the duty of the district attorney to attend to if present.

[3] At the time the motion to quash was filed, the minutes did not show that the appointment of Adrian Schwartz had been made, but did show that he had taken the oath of office, and the judge at once ordered the minutes to be corrected so as to show the appointment. Minutes of courts may be corrected at any time to supply an omission, if the facts are within the personal knowledge of the judge, or so well proved as not to allow of serious dispute. State v. Gates, 9 La. Ann. 94; State v. Williams, 28 La. Ann. 310; State v. Revells, 31 La. Ann. 387.

[4] It is said that the absence of the dis-

trict attorney was not continuous from the time of the appointment of Adrian Schwartz to the finding of the indictment; but that, on the contrary he was at the parish seat a considerable portion of the time in that interval. If such was the case, Adrian Schwartz was not qualified to act, for, certainly, such an appointment pro tem., based upon the absence of the district attorney, is vacated by the return of, and resumption of duty by, that officer.

[5, 6] The said alleged fact of the return and presence of the district attorney does not appear in the record, however, elsewhere than in the motion to quash and in the motion in arrest of judgment. It cannot be considered at all in connection with the latter motion, since on a motion in arrest of judgment nothing can be considered except what appears of record, and this return and presence of the district attorney is from its very nature a matter en pais and not of record. Said fact might have been considered in connection with the motion to quash if a proper bill of exception reciting same had been reserved to the overruling of said motion; but, as already stated, none was reserved. The only bill reserved in the case reads as follows:

"Be it remembered * * * that a motion in arrest of judgment was filed by the defendant, which motion is hereto annexed and made part hereof. Said motion was overruled, to which ruling the defendant excepted and reserves this her bill of exceptions, making the said motion, which is hereto annexed, as well as the motion to quash filed herein on November 13, 1912, the basis of the bill of exception which she now tenders to the court for signature."

No recital is here made that a bill was reserved to the overruling of this motion to quash, and the minutes do not show that any was reserved.

In his per curiam the trial judge states that as judge he knows nothing of this motion to quash, or of the facts upon which it was founded, as it was made before, and tried by, his predecessor in office, but that

as a lawyer practicing at that time at the same bar he knows that the district attorney was continuously absent from the district.

Judgment affirmed.