Motion to Dismiss.
 

 LAND, J.
 

 Plaintiffs have instituted this suit to be declared the owners of certain land and timber standing thereon, and to recover damages for trespasses committed on said timber land. In the alternative they pray that a time limit be fixed by the court' for the cutting and removal of the timber, in the event plaintiffs should not be adjudged the owners of the same.
 

 Defendants pleaded an exception of no
 
 *283
 
 right or cause of action to plaintiffs’ petition.
 

 On March 7, 1922, a judgment was rendered, sustaining said exception, and dismissing plaintiffs’ suit as to the demand for the timber, but “reserving to the plaintiffs full right under the other demands contained in their petition, which are to remain unaffected by this exception.”
 

 On June 8, 1922, the following judgment was rendered, read and signed in open court:
 

 “This cause having come on for trial on that part of the demand remaining after the court had sustained the exception of no cause or right of action, and the court considering the agreed statement of facts filed herein by counsel for all parties, and the law and the evidence- being in favor thereof:
 

 “It is ordered, adjudged, and decreed that there be judgment in favor of plaintiffs and against defendants on the alternative demand of the plaintiffs decreeing that 18 months from this date shall be a reasonable time within which to cut and remove the timber, and ordering the defendants to remove the same within said period of time, after which all rights of the defendants to cut and remove said timber shall cease and determine.”
 

 The above judgment was rendered by the court on the following agreed statement of facts:
 

 “(1) It is admitted that 18 months from this date is a reasonable length of time within which to cut and rempve the timber on the land described in the instruments under which defendants claim to own the timber.
 

 “(2) This admission 'is made to cover the alternative relief prayed for by plaintiff, the' other relief prayed foi; having been previously disposed of adversely to plaintiffs’ contenlion, and is made so that the matter may - proceed to judgment, giving to both parties the right to. appeal from the judgment, or judgments, rendered herein.”
 

 The agreed statement of facts is signed by the attorneys for both parties, and was filed June 8, 1922.
 

 The judgment rendered on March 7, 1922, dismissing plaintiffs’ suit as to the timber on exception of no right or cause of action, was not read and signed in open court until June 9, 1922, or the day after the judgment rendered on the merits, June 8, 1922. The. minutes of June 9, 1922, merely' recite that the judgment in the exception of no cause or right of action was read and signed in open court. The minutes of June 8, 1922, show ■that a devolutive appeal was prayed for in open court by counsel for plaintiffs, and was granted, and that the appeal was made returnable to the Supreme Court on or before July 15, 1922. The bond for devolutive appeal was fixed in the sum of 8100. This appeal bond is dated June 10, 1922, and was filed June 12, 1922. It is recited in the bond that—
 

 “The above bounden Hickman et al. have this day taken a devolutive appeal from a final judgment rendered against them in the suit entitled Okey L. Hickman et al. v. Enterprise Lbr. Co., Ltd., et al., No. - on the docket of the district court of the parish and state aforesaid, said judgment signed on the 9th day of June A. D. 1922, and on the 8th day of June, A. D. 1922, and said appeal was made returnable to the Honorable the Supreme Court of Louisiana, at New Orleans, Louisiana, on the 15th day of July, A. D. 1922.”
 

 The transcript was filed in this court July 13, 1922, within tjie return day.
 

 On February 2, 1925, defendants filed a motion to dismiss the appeal on the ground that the only appeal taken by plaintiffs is one from the'judgment signed June 8, 1922. It is contended by defendants that this is a consent judgment, from which no appeal lies.
 

 The position taken by defendants is not well founded. The judgment rendered on June 8, 1922, is neither a consent judgment, nor a judgment by confession, but is a judgment rendered upon an agreed statement of facts. It is apparent that the- correctness of this judgment may be reviewed on appeal.
 

 In addition to this, it is expressly stipulated in the, statement of facts filed in the
 
 *285
 
 record that either party may appeal from the judgment or judgments rendered in the case.
 

 On January 30, 1925, prior to the filing of the above motion to dismiss, counsel for plaintiffs had filed in the district court a motion to correct the minutes of the court of June 9, 1922, so as to show that a motion for appeal had been made, order for appeal granted, bond fixed, and appeal made returnable to this court July 15, 1922, the correction of the minutes to be made nunc pro tunc.
 

 On February 6, 1925, after contradictory hearing and evidence adduced, Hon. R. C. Culpepper, district judge, the successor of Hon. J. A. Williams, former judge of said court, ordered the minutes of the court corrected as prayed for by plaintiffs, to show that an order of appeal had been granted June 9, 1922, on motion of counsel for plaintiffs; that the amount of bond had been fixed in the sum of $100; and that the appeal had been made returnable to this court on or before July 15, 1922.
 

 On February 10, 1925, the day after the filing in this court of the supplemental' transcript, defendants filed a second motion to dismiss the appeal, alleging the correction of the minutes by the lower cburt over their protest, the overruling of their motion for a new trial, and the refusal of the district judge to grant an order of appeal from the judgment permitting the minutes to be corrected.
 

 Defendants attack the supplemental transcript filed in this court on the following grounds: (1) That the district court was 'without jurisdiction to impeach its records so as to show by parol evidence that an appeal was pending in this court from a judgment which had been final for nearly two years. (2) That the application to change the minutes can be addressed alone to the discretion of this court, after the granting of the appeal, as the district court had lost its jurisdiction by the appeal. • (3) That if the district judge possessed the power and authority to entertain such motion, the order-entered herein constitutes an abuse of such power and discretion. (4) That if the application in this case were otherwise proper, the present motion to correct the minutes comes too late, as it was made three years-after the entry of said minutes. (5) That the district judge who corrected the minutes-did not preside when the motion for appeal was made from the judgment of June 9, 1922, and knew nothing of the facts. (6)' That the evidence does not support the judgment correcting the minutes.
 

 Defendants allege that for these reasons-the supplemental transcript forms no part of the record of appeal, and prays that same be stricken from the record.
 

 In the alternative, defendants show that said appeal should be dismissed for the following reasons: (l)'That there is only one-transcript and one, bond, and these pertain exclusively to the judgment of date June 8, 1922, and cannot support the appeal from the judgment rendered June 9, 1922, from which a separate appeal and separate bond' were prayed for ahd ordered.' (2) For failure to file the transcript on or before the return day fixed, to wit, July 15, 1922.' (3) For failure to perfect appeal from said judgment of June 9, 1922, by filing bond in the sum of $100, as required under said alleged order of appeal.
 

 On the same day that the second motion to dismiss was filed, to wit, February 10, 1925,. defendants applied to this court for a writ of certiorari, and, reiterating mainly, the grounds contained in said motion, prayed' that writs of prohibition and mandamus issue, prohibiting Hon. R. C. Culpepper, respondent judge, from altering or changing the minutes in said cause on the 9th day of June, 1922, and directing him to cancel and erase the order or judgment entered - on
 
 *287
 
 February 6, 1925, authorizing the,changing 'or alteration of said minutes.
 

 In the alternative, defendants pray that a. mandamus issue directing respondent judge to' grant an order of appeal from the judgment entered herein on February 6, 1925, as prayed for by defendants.
 

 Article 898 of .the Code of Practice provides that—
 

 “If, at the time of argument, or before, the .appellant perceives that the copy of the record is incomplete, either through mistakes or omissions, or from the clerk having failed to certify the copy as containing all the testimony produced in the cause, or from any similar irregularities not arising from any act of the appellant, the court may grant him a reasonable time to correct such errors or omissions, during which time judgment on the appeal shall be suspended.”
 

 Under this article of the Code of Practice appellants could have applied to this court, •even at the time of the argument, for a writ of certiorari, had they deemed it necessary, in order to correct the minutes of the lower court. Such application would have been timely, notwithstanding the fact that the judgment appealed from had been rendered three years ago.
 

 However, it is unnecessary to apply to this court for a writ of certiorari to supply an omission, where . the omission has been discovered, correction made, and omission supplied by a supplemental transcript. City of Baltimore v. Parlange, 25 La. Ann. 335; Borde v. Erskine et al., 29 La. Ann. 822; Trudeau v. New Orleans, J. & G. N. R. Co., 15 La. Ann. 717.
 

 Minutes of 'court- may be corrected in a criminal as well as in a civil case. The correction may be made out'of term, or at a subsequent term, and although a different judge is on the bench. State v. Folke, 2 La. Ann. 744; State v. Revells, 31 La. Ann. 387.
 

 Minutes of court may be corrected at any time to supply an omission, if the facts are within the personal knowledge of the judge, or so well proved as not to allow of serious dispute. State v. Hart, 133 La. 5, 62 So. 161.
 

 It has been repeatedly held, that, even after appeal, the trial court may, in a proceeding taken contradictorily with the appellant, correct and amend its minutes so as to present the facts for the consideration of this court. Such right is inherent in the trial court; is not divested by an appeal to this court; and may be exercised independently of any order of the Supreme Court. State v. White, 156 La. 770, 101 So. 136; State v. Perry, 51 La. Ann. 1074, 25 So. 944; State v. Howard, 34 La. Ann. 369; State v. Tessier, 32 La. Ann. 1227; State v. Revells, 31 La. Ann. 387.
 

 It is true that, where the minutes of the court show that the motion for the appeal and. the order thereon granting the appeal were made in open court, parol evidence is inadmissible, in the absence of any averment of fraud or error, to contradict the record. Weil v. Levi, 40 La. Ann. 135, 3 So. 559.
 

 The appellants, however, have not attempted to impeach the record in this case by proving by parol evidence that motions or orders appearing in the minutes were not granted. On the contrary, they seek to supply by parol proof the omission from the minutes of motion and orders granted in the ease. Such proof is clearly admissible. In fact, it is the only kind of evidence by which omissions from the minutes can be supplied in many instances. State v. Hart, 133 La. 5, 62 So. 161; State v. Williams, 28 La. Ann. 310; State v. Revells, 31 La. Ann. 387; State v. Gates, 9 La. Ann. 94.
 

 We are of the opinion that the testimony taken on "the motion to correct the minutes is sufficient'to justify- the order or judgment permitting the correction.
 

 The attorney of plaintiffs testifies to a
 
 *289
 
 clear and distinct recollection of the fact that he made a motion for appeal in open court from the judgment of June 9, 1922, that the motion was granted, the bond fixed, and the appeal made returnable to this court July 15, 1922.
 

 ■ 1-Ie is corroborated in his testimony by the circumstance that the judgment of June 9, 1922, dismissing plaintiffs’ suit was the more important judgment of the two rendered, and by the fact that the appeal bond in the record shows that an appeal was taken from both judgments.
 

 The testimony of the then presiding judge and of the clerk is of a merely negative character. Neither recollects whether these steps were taken by counsel for plaintiffs or not. The clerk does not pretend to have any independent recollection of what transpired in this particular case, but deduces from his general statement that his minutes' are kept correctly, and that no appeal was taken.
 

 As minutes of the trial court may be corrected even at the time of the argument of the case, a supplemental transcript showirig such correction is not filed too late because not filed within the original return day.
 

 The objection that there is only one transcript and one bond in this case, and that the appeal from the judgment of June 9, 1922, was not perfected by filing bond in the court below for $100, cannot avail defendants.
 

 As both judgments" were rendered in the same suit, and all proceedings had in that ¡suit, necessarily there is but one transcript in the case. The supplementing of the original transcript filed has the effect merely of ' completing a defective transcript. There is j still but one transcript in the case. The ! objections urged against the appeal bond j filed in this case should have been made by | defendants after due notice to the adverse party in the lower court, and an opportunity should have been given to furnish a new or additional bond.
 

 The appeal cannot be dismissed on account of any error in amount of the bond, or for any inaccuracy or omission in the bond, or for any insufficiency either as to form or substance, unless first urged in the trial court. Act 112 of 1916, §§ 3 and 9; Hurry v. Hurry, 144 La. 877, 81 So. 378; Bilich et ux. v. Mathe, 149 La. 484, 89 So. 628.
 

 The appeal bond on its face shows two judgments- before us for review on one and the same bond.
 

 In the absence of timely action to correct the appeal bond in the lower court, objection cannot be now made that an additional bond should have been given to support the second appeal. The matters complained of by defendants have been fully reviewed by this court. The district court was vested with jurisdiction, and its proceedings were regular and in accordance with law. The judgment rendered is supported by the evidence. We find no legal or sufficient reasons for dismissing the appeal in this ease.
 

 It is therefore ordered that the motion to dismiss be overruled and denied. It is further ordered that the rule to show capse issued herein be recalled, and that the application of relators for writs of mandamus and prohibition be refused and dismissed, at their costs.
 

 O’NIELL, O. J., dissents.