No. 3567

Second Circuit

BODCAW LUMBER COMPANY OF LOUISIANA, INC., ET AL. v. CLIFTON HEIRS

(July 1, 1929.   Opinion and Decree.)
(January 6, 1930.   Rehearing Refused.)
(January 6, 1930.   Writ of Certiorari and
   Review Reversed by Supreme Court.)

White, Hollomand & White, of Alexandria, attorneys for plaintiff, appellee.

H. W. Ayres, of Jonesboro, attorney for defendants, appellants.

WEBB, J.   Defendants, heirs of Minnie Clifton, appeal from a judgment rendered against them, recognizing plaintiffs, Mansfield Hardwood Lumber Company of Louisiana, Inc., and Bodcaw Lumber Company of Louisiana, Inc., (hereinafter referred to as Mansfield Company and Bodcaw Company) as the owners, respectively, of the southeast quarter of southwest quarter of section 20, township 13 north, range 5 west, of Winn parish, Louisiana, and the pine timber thereon.

It is conceded, and the record establishes, that Minnie Clifton acquired title to the land from Semma Clifton, as well as any reversionary rights which the latter may have had in certain pine timber described as "all of the merchantable pine timber of twelve inches in diameter and greater at the stump growing, standing or being on the said land," which had been sold by

Semma Clifton to the Bodcaw Company, the purchaser being given a period of ten years in which to remove the timber, and that prior to the expiration of the period the title to the land passed from Minnie Clifton to N. B. Hyde and from Hyde to the Mansfield Company; that the Bodcaw Company did not cut or remove any of the timber purchased by it within the period stipulated, and that at the expiration of the period the title to the land was held by the Mansfield Company, which thereafter transferred all of the pine timber on the land to the Minden Lumber Company, from which the Bodcaw Company acquired.

Under the facts stated it is apparent that the Mansfield Company was the owner of the land, and it is conceded that the judgment recognizing its ownership is correct, and it . is also conceded that, if the Mansfield Company, as the owner of the land, became the owner of the pine timber thereon, the Bodcaw Company is the owner of such timber; and the only question to be decided is, whether or not such timber passed under the transfers above mentioned.

In the transfer from Semma Clifton to Minnie Clifton, it was declared that the land was sold *"together with all the improvements thereon, said land sold with full legal warranty of title and with* full subrogation to all the rights of warranty and all other rights held *therein by said vendor,"* and in the transfer from Minnie Clifton to Hyde the declaration contained the words quoted above with the additional words *"Less the pine timber on said land,"* which were written immediately after the description of the land, and preceding the words quoted from the declaration in the transfer from Semma Clifton to Minnie Clifton, and the declaration in the transfer from Hyde to the Mansfield Company was practically the same as in the transfer from Minnie Clifton to Hyde.

In support of the judgment, the declaration in the transfer from Minnie Clifton to Hyde is considered from many points of view, in all of which, however, reference is had to the prior transfer by Semma Clifton of the pine timber on the land, and the intent of the vendor and effect of the declaration is construed with reference to the fact that Semma Clifton having sold the timber on the land as above, she had only a reversionary right in such timber, and that Minnie Clifton could not have acquired any greater rights than the vendor had in the timber which had been sold.

And with this view of the property and rights acquired by Minnie Clifton, it is urged that the words *"Less the pine timber on said land"* were written into the declaration merely to protect the vendor against any obligation of warranty as to the timber which had been sold by Semma Clifton, and were not used with intent to reserve any timber on the land, and that the declaration that the land was sold *"with full subrogation to all the rights of warranty and all other rights held therein by said vendor,"* was made for the purpose of transferring the reversionary rights, and, as to the effect or sufficiency of the reservation, it is urged that, if Minnie Clifton desired to retain the reversionary rights, it was essential that such rights should have been expressly reserved, and that such rights were not reserved under the declaration that she sold the land "Less the pine timber on said lands * * * *together with all the improvements thereon, said land sold with full legal warranty of title and with full subrogation to all the rights of warranty and all other rights held therein by said vendor."*

Considering the question as to the intent of Minnie Clifton as expressed in the declaration, we do not think that there is any ambiguity in the declaration, considering that, with the exception of the stipulations, the land was sold "Less the pine timber on said land" and "with full subrogation to all the rights of warranty," all else expressed in the declaration would have been implied by law, and in ascertaining the intention of the vendor, as to the property transferred, all else expressed in the declaration, except the stipulation that the land was sold "Less the pine timber thereon," may be ignored, and construing the stipulation with reference to the ordinary meaning of the words used, there is not any ambiguity, and no doubt if none of the timber on the land had been sold, as much would be conceded, but in view of the fact that some of the timber on the land had been sold, another meaning is sought to be given to the stipulation by reference to the prior transfer of the timber.

The act of transfer from Minnie Clifton to Hyde did not refer to the prior transfer of the timber, and in determining the intention of Minnie Clifton in transferring the property to Hyde, or construing the meaning of the words used to express her intention, where there is not any ambiguity, we do not think it is permissible to resort to prior transfers, as the property involved is immovable; but if it is permissible, reference to the transfer by Semma Clifton shows that she did not sell all of the pine timber on the land but only "all of the merchantable pine timber of twelve inches in diameter and greater at the stump, growing, standing or being on the said land;" and unless it can be said that such timber, in the absence of proof to the contrary, should be presumed to include all of the pine timber on the land

(see Dowies vs. Pickering Lumber Co., 159 La. 860, 106 So. 331), it cannot be said that the words "Less the pine timber on said land," in the transfer from Minnie Clifton to Hyde, did not refer to the pine timber which had not been sold, and further if it is permissible to refer to the prior transfers of the property and thus determine the intent of Minnie Clifton, or meaning of the words used to express her intent in the transfer to Hyde, or to determine what was sold by what was acquired, reference to the transfer from Semma Clifton to Minnie Clifton shows that the land was sold with full warranty of title and without any reservation whatsoever, and as between Semma Clifton and Minnie Clifton the latter acquired all timber on the property (Young vs. Sartor, 152 La. 1064, 95 So. 223) and we do not think it could be said that Minnie Clifton, in transferring the land "Less the pine timber on said land", did not refer to the timber which she had apparently acquired with the title to the land from Semma Clifton.

Therefore, we conclude that under the terms of the declaration in the transfer from Minnie Clifton to Hyde, she did not intend to transfer any of the pine timber on the land.

Considering the position of the plaintiffs as to the effect or sufficiency of the declaration, in which as stated, it is urged that, Semma Clifton having sold the pine timber on the land prior to the transfer to Minnie Clifton, the latter acquired only a reversionary right in such timber, and that in order for Minnie Clifton to retain the reversionary right when she transferred the land to Hyde, it was essential that an express reservation of such right should have been made in the transfer, and that the declaration that the land was sold

"Less the pine timber on said land" was not equivalent to a reservation of the reversionary rights.

In this contention plaintiffs apparently concede that whatever right Semma Clifton had in the timber sold by her prior to the transfer of the land to Minnie Clifton, passed with the title to the land, and decisions are cited in which it is held that, when the timber on land is sold, any remaining after the expiration of the period stipulated for the removal of the timber reverts to the land owner, in the absence of some stipulation which clearly indicates a different intention of the parties. However, only one of the decisions (Hickman vs. Enterprise Lumber Co. 159 La. 280, 105 So. 343) can be said to consider the question as to the manner in which the reservation should be made; and although that case may be distinguished from the present in many respects, we think it may be fairly inferred from that case that the stipulation that the land was sold "Less the pine timber on said land", was a. sufficient reservation of any reversionary rights that the vendor may have in timber previously sold (Southern Pine Lumber Co. vs. Martin, 274 S. W. 281), and we are of the opinion that plaintiffs are without title to any of the pine timber on the land.

It is therefore ordered that the judgment appealed from be amended and that the demands of plaintiffs to be recognized as the owners of the pine timber on the SE¼ of SW¼ of Section 20, Township 13 North Range 5 West, of Winn parish, Louisiana, be dismissed, and as thus amended the judgment appealed from is affirmed; plaintiffs to pay cost of appeal.