McDONALD, J.,
dissenting in part.
I agree with the majority’s reversal in part of the JNOV as to the assessment of fault; to the reinstatement of the original judgment as it pertains to the assessment of fault; and, to the affirmance as to costs. However, in its review and affirmance of the general damage award, I disagree with the majority’s consideration of evidence that was adduced at trial but which was not part of the appellate record originally transmitted to this court. I also disagree with the amount of the general damage award to Mr. Bourg and think this amount should be raised.
First, I address the content of the appellate record in this case. The form and content of the record on appeal shall be in accordance with the rules of the appellate court, except as provided in the constitution and as provided in LSA-C.C.P. art. *75 2128. However, after taking an appeal, an appellant may designate those portions of the record he desmes to constitute the record on appeal. Id. Thereafter, another party may also designate other portions of the records as he considers necessary. Id. When such is done, the clerk of the trial court shall prepare the record on appeal as so directed. Id. Even after the trial court prepares the record, a party or the trial court may cause to be filed thereafter any omitted portion of the record as a supplemental record. Id. When no designation is made, the record shall be a transcript of all the proceedings as well as all documents filed in the trial court. Id.
In this case, the appellate record originally transmitted to this court included only a portion of the trial transcript. The first day of the trial, August 6, 2012, was not transcribed, as per the court reporter’s conversation with Mr. Michael Daly, counsel for Cajun and Mr. Felio. The omission of this transcript is noted by a “REPORTER’S NOTE” filed into the record on February 3, 2014. The second day of the trial, August 7, 2012, was transcribed and contains the trial court’s preliminary remarks, opening statements, and the testimony of several witnesses called by the plaintiff. On the third day of the trial, August 8, 2012, the minutes contained in the appellate record indicate that several witnesses testified, but the only testimony transcribed and included in the appellate record is an excerpt from the testimony of Doctor Field Ogden, particularly, pages 1, 2, and 5-9 of his testimony. On the fourth through seventh days of the trial, plaintiff witnesses and defense witnesses testified, evidence was introduced, the trial concluded on August 14, 2012.
There is no explanation as to why the original appellate record contained less than a complete transcript from the third day of the trial. However, none of the parties to this appeal objected to the contents of the appellate record, filed a designation of certain parts of. the record for appeal purpose, nor suggested that supplementation of the record was necessary. The record contains a certificate by the clerk of the trial court indicating that the record sent to this court was “complete in. every detail and contains all ... transcripts of oral testimony.” However, it appears that a supplementation of the appellate record was ordered to have an omitted surveillance video and the complete testimony of Dr. Ogden transcribed and sent to this court. And, in affirming the general damage award, the majority relies on this supplemental record as evidence that the jury did not abuse its discretion in awarding Mr. Bourg $250,000 in general damages. Specifically, the majority states that the “jury was apparently impressed by Dr. Ogden’s testimony and the surveillance video.”
We note that a record on appeal which omits a material part of the trial record, may be corrected even after the record is transmitted to the appellate court, by the parties by stipulation, by the trial court, or by the order of the appellate court. LSAC.C.P. art. 2132. Requests for supplementation of the record are more properly directed to the trial court. See Dillon v. Freeman, 09-0606 (La.App. 1 Cir. 1/5/10), 30 So.3d 989, 990, writ denied, 10-0264 (La.4/9/10), 31 So.3d 389. In my opinion, absent a stipulation or motion by the parties, or an order from the trial court, showing that the omission was a “material part of the record,” or that the omission was the fault of the court reporter or clerk of court, the majority imper-missibly considered Dr. Ogden’s entire testimony and the surveillance video in its review of the general damage award. See LSA-C.C.P. art. 2132. See Louisiana Western Lumber Co. v. Stanford, 178 La. 84, 150 So. 839 (1933) (upon appellant’s *76 motion, case remanded to trial court for completion of transcript, when record was not clear as to whether certain material documents were properly part of the transcript); Borde v. Erskine, 29 La. Ann. 822, 1877 WL 8041 (La.1877); Landry v. Department of PSC, 08-2142 (La.App. 1 Cir. 5/8/09), 2009 WL 1270290 (unpublished) (court of appeal considered appellant’s argument that transcript contained material omissions which prejudiced his appeal). Notably, Cajun and Mr. Felio did not even address the amount of the damage award on appeal. Had they thought Dr. Ogden’s entire testimony and the video were necessary, these parties presumably would have sought to have the appellate record supplemented with such. See Hamilton v. Progressive Sec. Ins. Co., 10-1005 (La.App. 3 Cir. 10/6/10), 49 So.3d 513, 515 (appellee filed its own designation of the record in an effort to include any additional evidence it felt was necessary). Thus, I think the majority improperly considered this evidence.
As to the amount of the damage award, the jury awarded Mr. Bourg a total of $250,000 in general damages. My review of the evidence leads me to the conclusion that $250,000 is abusively low, in light of the severe and permanent nature of Mr. Bourg’s injury, the physical and emotional pain he has had and will continue to have as a result of the injury, as well as the significant detrimental lifestyle change he has and will continue to experience during his lifetime.